WILLIAM GORMAN and others v. MARSDEN BELLAMY and others.

*Pleading—Recovery upon Special Contract.*

The defendant in 1867 leased to plaintiff a city lot, with a covenant that the lessees might make certain improvements, "but they shall preserve unimpaired" the entrance and right of way from an alley to the rear of the premises, and providing for the valuation of and payment for the improvement at the expiration of the lease; *Held*, in an action brought by the lessees to recover the value of the improvements;

(1) That under section 93 of the code, a complaint which alleged that the improvements were made "in pursuance of the liberty and privi-

lege granted to the lessees," was sufficient without an express allegation that the rear entrance was preserved unimpaired.

(2) Such preservation is not a condition precedent, but a proviso, and if it had not been complied with, this should be set up in the answer.

(3) The tendency is to relax the stringency of the common law rule, which allowed no recovery upon a special unperformed contract nor for the value of the work because of the special contract, and to imply a promise to pay such remuneration as the benefit conferred is really worth.

(*Moore* v. *Edmiston*, 70 N. C., 510; *W. & R. R. R. Co.* v. *Robeson*, 5 Ired., 391, cited and approved.)


CIVIL ACTION tried at Spring Term, 1879, of NEW HANOVER Superior Court, before *Seymour, J.*

In June, 1867, Henry McLin leased a lot of land in the city of Wilmington to the plaintiff, Gorman, and John R. Davis for a term of years, at the annual rent of fifteen hundred dollars, in which lease is contained the following covenant: "And it is further provided, stipulated and agreed between the parties, that the party of the second part shall be at liberty to make additions and improvements on the premises outside the main building, and, to that end if they see fit, may pull down the outhouse at the eastern end of the lot, but they shall preserve unimpaired the entrance and right of way from Toomer's alley to the back part of the premises, and any such additions and improvements, as they shall make outside of the main building, shall at the end of the term be paid for by the party of the first part at the valuation to be made by two indifferent persons chosen by the parties, one by each, with power to choose an umpire in case they cannot agree, or that of the umpire to be binding, and in case the said outhouse and the back wall be pulled down in making said improvement, then the sum of one hundred and fifty dollars is to be deducted from the amount of said valuation and allowed to the party of the first part, as the agreed value of the material."

32

The complaint states that the lessees entered into the pos-session and occupancy of the said demised premises on the first day of October, 1867, and that "in pursuance of the liberty and privilege granted to them in said lease, as above set forth " (referring to the said covenant previously recited) " did erect and build on said premises certain additions and improvements, outside of the main building, of great value, to-wit, the sum of four thousand five hundred dollars."

The lessee, Davis, in 1868, assigned and conveyed his in-terest and share under the lease to the plaintiffs, Edward Kid-der and James Walker.   The action is to recover compensa-tion for said improvements.

The defendant, Bellamy, demurs to the complaint, for that, as it appears upon its face, the privilege and license to make the additions and improvements mentioned in the complaint were granted upon the condition precedent, that in making said additions and improvements, the said lessees should preserve unimpaired the entrance and right of way leading from Toomer's alley to the back part of the premises of the said McLin, and the plaintiffs have not alleged nor shown in their complaint that the said lessees, Gorman and Davis, in making said additions and improvements did preserve unimpaired the said entrance and right of way." Demurrer overruled, judgment for plaintiffs, appeal by de-fendants.

*Messrs. A. T. London* and *E. S. Martin*, for plaintiffs.
*Messrs. D. J. Devane* and *DuBrutz Cutlar*, for defendants.

SMITH, C. J.   The issue raised upon the demurrer is alone presented for decision upon the appeal.   We are of opinion if the matter specified in the demurrer does in law consti-tute a condition precedent and essential to the recovery, it is sufficiently averred in the general terms used in the com-plaint, to-wit, that the work for which compensation is de-

manded was done "*in pursuance of the liberty and privilege granted to them (the lessees) in said lease as above set forth*," within the requirements of section 93 of the code, and the demurrer is not sustained in this regard. These words clearly import the source from which authority to make the improvements is derived, and the restrictions imposed upon it. If the buildings were erected "*in pursuance of the liberty*" given in the covenant, none of its directions could have been disregarded and the avenue and entrance into the rear must have been left open and undisturbed. If these were obstructed, and this provision is a limitation upon the power conferred, it is not true that the lessees exercised it in conformity with the terms of the covenant. The present practice does not recognize the necessities of the system of pleading which it succeeds, and directs the court " in every stage of action " to " disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party." C. C. P., § 135.

" The subtle science of pleading heretofore in use," remarks BYNUM, J., delivering the opinion in *Moore* v. *Edmiston,* 70 N. C., 510, " is not merely relaxed, but *abolished by the code,* and the forms of pleading in civil actions, and the rules by which their sufficiency is to be determined are those prescribed in the code. C. C. P., § 91. The new system, thus inaugurated, is such, that *few if any of the ancient rules are now applicable.* All that is required of the plaintiff is a plain and concise statement of the facts constituting the cause of action; and of the defendant, a general or specific denial of each material allegation of the complaint controverted in the answer." *Jones* v. *Mial, ante,* 252.

But we do not wish to be understood as conceding that th preservation of the open way to the rear is so annexed to the license to build and improve as to constitute a condition precedent, and disable the lessees from seeking any compensation for their outlay in putting up additions to

the buildings then upon the lot. The covenant entitles them to claim, not full reimbursement of moneys expended in making the improvements, but their value to be ascertained in the mode appointed, and as the contract seems to contemplate, reduced by the injury to the premises resulting from erecting them. The clause in question seems rather to be a proviso than a condition of defeasance which need not be stated in the declaration, for this, says Mr. CHITTY, ought to come from the other side. *Railroad* v. *Robeson*, 5 Ired., 391; 1 Saunders, 334, note 2.

The inclination of the courts is to relax the stringent rules of the common law which allows no recovery upon a special unperformed contract itself, nor for the value of the work done because the special excludes an implied contract to pay. In such case if the party has derived any benefit from the labor done, it would be unjust to allow him to retain that without paying anything. " The law therefore implies a promise," say the court, " to pay such remuneration as the *benefit conferred* is really worth. *Dumott* v. *Jones*, 23 How., (U. S.,) 220; *Monroe* v. *Phelps*, 8 Ellis & Black, 739.

But for the reason that a compliance with all the requirements of the covenant accompanying the grant of license is sufficiently alleged in the complaint, the demurrer resting on false premises must be overruled, and the judgment of the court below affirmed. As there are other defendants who have answered and the issues as to them are still open, the judgment of this court will be certified to the end that further proceedings be had in the cause in the superior court of New Hanover, and it is so ordered.

No error.                                             Affirmed.