### WEBSTER CHAMBLEE v. RALEIGH BAKER.

*Appeal—Undertaking on, When to be Filed—Justification of Case on Appeal—Contracts for Service.*

1. The ten days within which the undertaking on appeal must be filed, are not counted from the day on which the judgment is rendered, but from that on which the Court adjourned.

2. Where the justification to the undertaking on appeal was taken before a person purporting to be a Justice of the Peace, and who signed the *jurat* as such, it will be presumed that the person signing the *jurat* was a Justice, in the absence of evidence that he was not so in fact.

3. An undertaking on appeal is sufficient, although it does not recite which party appealed.

4. No case on appeal is necessary, when the case is tried in the Court below upon a case agreed, or on a demurrer.

5. Where the plaintiff contracted to work for the defendant for a year, and was to be paid by the month, but broke his contract and stopped work without excuse, before the year expired; *It was held*, that he could recover for the time he did work, at the contract rate per month.

6. When, in such case, the contract is entire and indivisible and by the nature of the agreement, or by the express provisions of the contract, nothing is to be paid until all is performed, the plaintiff cannot recover, unless he aver and prove compliance with the contract on his part.

7. Under the former practice, in actions on a special contract to pay for services to be rendered, and which were rendered, no evidence in defence, or to reduce the recovery, was admissible to prove any misconduct on the part of the plaintiff, or dereliction in the service, but since The Code, this defence may be set up, and the entire controversy settled in one action.

(*Worthy* v. *Brady*, 91 N. C., 265; *Turrentine* v. *The Railroad*, 92 N. C., 642; *Clerk's Office* v. *Huffsteller*, 67 N. C., 449; *Thigpen* v. *Leigh*, 93 N. C., 47; *Lawrence* v. *Hester*, Ibid 79; *Hobbs* v. *Riddick*, 5 Jones, 80; *Gorman* v. *Bellamy*, 82 N. C., 496, cited and approved).

APPEAL from a Justice's Court, tried on a case agreed, before *Gudger, Judge,* at Spring Term, 1886, of HERTFORD Superior Court.

The action was on a *quantum meruit,* for services rendered the defendant by the plaintiff.

Plaintiff was hired by defendant on February 20th, 1885, to work on defendant's farm for the remainder of the year, at ten dollars a month, and it was agreed that the plaintiff's contract was an entire one for the remainder of the year. He worked under the contract until the 20th of September, 1885, and left without legal excuse. The defendant sustained no damages in consequence of plaintiff's leaving.

The value of plaintiff's services from the time he commenced work until he left, was seventy dollars. He has received from defendant twenty dollars.

Upon these facts, the Court gave judgment for plaintiff, and defendant appealed.

*Mr. B. B. Winborne,* for the plaintiff.
*Mr. John E. Bledsoe,* for the defendant.

SMITH, C. J. (after stating the facts). Upon the calling of the cause, the counsel for the appellee moved to dismiss the appeal, for several reasons:

I. For that the undertaking on appeal was not executed within ten days from the rendition of judgment.

II. For insufficient justification.

III. For that the undertaking fails to show by whom the appeal is taken, and

IV. For want of a case, as required by the rule on appeals.

In our opinion, none of the grounds assigned are sufficient to sustain the motion.

The Court, at which the cause was tried, began its session on April 12th, and the undertaking bears date the 24th, twelve days thereafter, and recites the judgment as having been taken,

as it properly should do, on the first day of the Term. It does not appear, and we cannot assume, that the business was all disposed of on that day, followed by an adjournment.

The period of ten days counts not from the day of the term when in fact the cause was determined, but from the day of its closing. *Worthy* v. *Brady*, 91 N. C., 265; *Turrentine* v. *Railroad*, 92 N. C., 642.

The justification appears to have been before a Justice of the Peace, who, acting in that capacity, is recognized as such officer, and we must recognize his acts, in the absence of evidence, or suggestion even, that he was not in fact a Justice.

For that, it does sufficiently appear who appeals. The record reciting the judgment, adds, "from the foregoing judgment the defendant appeals to the Supreme Court." The fact also appears from the recitals in the undertaking itself, for it avers a judgment recovered by the plaintiff "against the defendant," and the appellant is designated by name, as well in the body of the instrument as in its execution. But if unnamed, the undertaking would be effectual, as held in *Clerk's Office* v. *Huffsteller*, 67 N. C., 449.

The motion to affirm the judgment, for want of a case, as well as to dismiss the appeal, for this cause, must be overruled.

The case is made out in the facts agreed and submitted, and the appeal from the adjudication upon them is a sufficient assignment of error. It does not, in this respect, differ from a ruling upon a demurrer to the complaint, when no separate case is required. In each case, the question is as to the plaintiff's right of action and recovery upon the facts as stated.

Disposing of these preliminary matters, we proceed to consider the controversy upon its merits.

The appellant insists, that the contract being special, for labor for the entire residue of the year, though the compensation is measured by months, that the plaintiff having left before the expiration of the time "without legal excuse," cannot recover for the partial service performed.

CHAMBLEE *v.* BAKER.

The general rule is thus laid down, and is sustained by numerous adjudications, cited in the American Editors' Notes to the case of *Cutter* v. *Powell*, 2 Smith's Leading Cases, 1: "But if there has been an entire executory contract, and the plaintiff has performed a part of it, and then wilfully refuses, without legal excuse, and against the defendant's consent, to perform the rest, he can recover nothing, either in general or special assumpsit."

The same rule has been repeatedly recognized and acted on in this Court, the more recent cases, wherein references to others may be found, being *Thigpen* v. *Leigh*, 93 N. C., 47, and *Lawrence* v. *Hester*, Ibid., 79.

Indeed, so stringent was the former practice, that in an action upon a special contract to pay for service to be rendered, and which was rendered, no evidence in defence or to reduce the recovery, was admissible to prove inattention, neglect, wasted time or other misconduct of the plaintiff, and dereliction in the undertaken duty, and the defendant was driven to a separate action for redress. *Hobbs* v. *Riddick*, 5 Jones, 80.

It is otherwise under the present system, and the entire dispute, involving opposing demands, is now adjusted in a single suit. This is some relaxation of the doctrine regarding special contracts, and the enforcement of the obligations they create.

The manifest injustice upon such technical grounds, of refusing all compensation for work done and not completed, or for goods supplied short of the stipulated quantity, and of allowing the party to appropriate them to his own use, without paying anything, has been often felt and expressed by the Judges, and a mode sought by which the wrong could be remedied.

The mischief is adverted to by this Court, in *Gorman* v. *Bellamy*, 82 N. C., 496, when referring to the cases of *Dumott* v. *Jones*, 23 How. (U. S.), 220, and *Monroe* v. *Philips*, 8 Ellis and Black., 739, this language is used: "The inclination of the Courts, is to relax the stringent rule of the common law, which allows no recovery upon a special unperformed contract, nor for

the value of the work done, because the *special*, excludes an implied contract to pay. In such case, if the party has derived any benefit from the labor done, it would be unjust to allow him to retain that without paying anything. Accordingly, restrictions are imposed upon the general rule, and it is confined to contracts entire and indivisible, and when by the nature of the agreement, or *by express provision, nothing is to be paid till all is performed.*"

If, by the terms of the agreement, certain sums are due on performance of certain parts of the work, thus severing the consideration, separate actions are maintainable for each. And in the construction of the agreement, the Court will be guided by a respect to general convenience and equity, and the reasonableness of the particular case.

Thus, the modified rule has been declared to be, that though the consideration and contract be entire by the apparent terms of the agreement, yet such may be the circumstances, as to entitle he plaintiff to a ratable compensation for part performance.

So, the inference, that compensation is payable in instalments at certain periods, as weekly or monthly, according to the service, unless there is a clear and distinct understanding that compensation, as a unity, is demandable only at the expiration of the full period of service.

These views are presented in the able discussion in the note from which we have extracted a part, and rest upon a series of adjudications cited.

In our case, the plaintiff's wages are measured by monthly sums, and for two months of his work he has received full compensation. This indicates an understanding between the parties, that the wages were to be paid as the work progressed, and the plaintiff's necessities may have required, that he should not be delayed until the end of the year.

The defendant loses nothing by the plaintiff's leaving, nor is it stated that the departure was against the defendant's will. Under these circumstances, and to avoid manifest injustice, we

hold the ruling to be right, and that there is no error. The judgment must be affirmed.

No error.                                                   Affirmed.