R. E. LAWING v. B. RINTLES.

*Contract—Part Performance—Quantum Meruit.*

1. When the terms of a contract are that the plaintiff shall build certain houses for the defendant, within a given time, for which he is to receive so much, he cannot recover anything, either upon the special contract, or upon a *quantum meruit*, unless he avers and proves an entire performance.

2. This rule is not altered by the fact that the property was destroyed by accidental fire just before the work was completed.

3. If the defendant received anything by insurance on the property, the plaintiff has no right to any part thereof.

(*Brewer* v. *Tysor*, 4 Jones, 180; and 5 Jones, 173, cited and approved).

This was a CIVIL ACTION, tried before *Montgomery, Judge*, at the November Special Term, 1886, of the Superior Court of MECKLENBURG County.

The plaintiff alleges that about the 27th of June, 1883, he contracted to furnish the material and erect certain houses and fences on the lot of the defendant, in the city of Charlotte, and have the same completed by the 1st day of October, 1883, for which the defendant was to pay to him the sum of $2,950, in installments, as the work was performed.

That he entered upon the work of erecting the said houses, and performed a large portion of the work and furnished material amounting in value to $2,720.35, when he demanded of the defendant payment for the said work, which was refused by the defendant, in violation of her contract, by reason whereof he was prevented from completing the said houses by the 1st of October, 1883.

That subsequent to the 1st of October, he was proceeding, with the assent of the defendant, to complete said buildings, being ready and able to do so, when the same were destroyed by fire, without any negligence or default of the plaintiff, whereby he was prevented from completing the same. That the value of the work and labor done and material furnished was $2,720.35, of which the defendant has paid $2,048, and there is still due and owing to the plaintiff the sum of $672.38, for which there has been demand and refusal.

For a second cause of action, the plaintiff alleges, that the defendant, in consideration that the plaintiff would furnish material and erect said buildings, would pay therefor what the same was reasonably worth, in installments equal to the value and amount of material furnished and labor done, from time to time, as the work progressed, with other allegations similar to those in the first cause of action.

The defendant answers and denies the allegations of the complaint in regard to the contract, and says that she entered into a written contract with the plaintiff (a copy of which is set out in the pleadings), and no other, which has never been modified or changed, and that she has always been ready and able to perform her part of the same.

That she has paid the sum of $2,048, as stated in the complaint, and that the houses which the plaintiff was erecting for the defendant, under the written contract, were destroyed by fire before they were completed and delivered to the defendant, and that the plaintiff has never performed his part of said contract.

The written contract is under seal, dated June 27th, 1883, and is as follows: " The said R. E. Lawing hereby agrees to erect two one-story frame houses and outhouses and all necessary fencing, on the lot (describing it), as per plans and specifications, attached and marked " A" and " B", which are part of this contract, the whole to be completed by October 1st, 1883. The said Mrs. Rintles agrees to pay said R. E. Lawing for the erection and completion of said houses, outhouses and fences, the sum of $2,950, to be paid in such installments as the progress of the buildings will justify and warrant."

Upon the trial, it was admitted that the above was the only contract between the parties, and that the houses contracted to be built were destroyed by fire, before completion, without the fault of either party, and after October 1st, 1883, and that the defendant had paid the sum of $2,048 only, and the buildings were nearly completed.

The plaintiff testified in his own behalf, that he was a carpenter and contractor in 1883, and contracted with the defendant to build the houses.   *    *    * The defendant was at the houses pretty near every day, and went through them and made no objection, but said that she thought they were very nice ; witness further stated that he had no insurance on the houses.

He then proposed to prove that the defendant had taken out a policy of insurance on the houses.

The defendant objected because:

1st. The evidence was irrelevant and immaterial, and,

2d. Because the policy was not produced, and the best evidence not offered.   Objection sustained, and plaintiff excepted.

His Honor intimated to the plaintiff, that he could not recover, whereupon, in deference to the intimation, he submitted to a nonsuit and appealed.

*Messrs. S. F. Mordecai, Jos. B. Batchelor* and *John Devereux, Jr.*, for the plaintiff.

*Mr. P. D. Walker*, for the defendant.

DAVIS, J., (after stating the facts). It is contended for the plaintiff, that he was entitled to pay for the material furnished, and the work and labor done on the buildings up to the time of their destruction by fire, and for this he cites many authorities; but upon examination they do not sustain the position. *Brewer* v. *Tysor*, 3 Jones, 183, referred to, is direct authority the other way. The Court say that the contract being an entire one, the plaintiff cannot recover unless he avers and proves an entire performance. The plaintiffs sought to relieve themselves of the obligation to perform the entire contract, by reason of sickness, upon the maxim, that *actus Dei neminem facit injuriam*, but the Court said that did not excuse them, but when the case was again before the Court at a subsequent Term, 5 Jones, 173, it appeared that the contract was for work divided into three separate parts, for each of which a separate price was to be paid, and the Court said there was no reason why the plaintiffs should not be paid for the work done on the two parts which had been finished, according to the contract.

Instead of the plaintiff's right to recover, the weight of authority would require him to rebuild, and thus perform his contract.

In *Adams* v. *Nichols*, 19 Pick., 275, it is said: "It is not material to consider whose property the house was before the conflagration. The defendant had contracted to build and finish the house on the plaintiff's land. After the conflagration he might have proceeded under the contract, and if he had completed the house, according to the terms of his agreement, the plaintiff would have been bound to perform his part of the contract."

23*

In this case, it was held, that the contractor was not discharged by the conflagration from the duty to build. In *School District* v. *Dauchy*, 25 Conn., 531, the defendant had contracted to build a school-house by a day named—just before the day, it was set fire to by lightning and wholly destroyed. It was held, that the non-performance of the contract was not excused. The whole question seems to be well and fully considered in the case of *Tomkins* v. *Dudley*, 25 New York, 272. The defendant had guaranteed the performance of a contract by a builder, to erect a school-house, which he failed to perform. The Court says: " In justification of such non-performance, he alleges the destruction of the building by fire, an inevitable accident, without any fault on his part. The law is well settled, that this is no legal justification for the non-performance of the contract." This is the conclusion at which the Court arrived in that case, after a review of numerous decisions upon the question, and we are well satisfied in this case, that the plaintiff has no right to recover.

When the contract was entered into, he could have protected himself against loss by fire, either by a stipulation in the contract or by insurance, but as this was not done, it is his misfortune. The position that the plaintiff was entitled to the money received by the defendant upon the policy of insurance which she had on the building, was not seriously insisted upon in this Court. By the insurance she was only indemnified against loss, on account of the payments which she had made.

There was no error, and the judgment must be affirmed. Let this be certified.

No error.                                        Affirmed.