Hoffheimer, J.;
Murphy, J., concurs; Hosea, J., dissents — ■ see separate opinion.
Defendant in error, manufacturer of and dealer in gas and electric fixtures, contracted to furnish and install gas and electric fixtures in the house of plaintiff! in error. According to the contract, the combination electric and gas fixtures were to be put up complete, and were to be to the satisfaction of Mr. Donaldson, afnd it was agreed that the job was to be first class *426 in every particular, and that everything was to be done in accordance with the rules and regulations of the National Board of Underwriters, and to Mr. Donaldson’s entire satisfaction, “the whole to be $875.”
The fixtures are set out in the schedule, also the individual prices. The agreement was, however, as already stated, to pay a lump sum. It is also conceded that Mr. Donaldson reserved the right to disapprove of any of the fixtures, in which event the same were to be exchanged for others. The fixtures were selected from photographs, and had to be manufactured, with the exception of one. With the exception of two all had been delivered when, without fault of either party and before the house was ready for occupancy, it was destroyed by five. Defendant in error subsequently tendered the remaining fixtures, but they were refused.
Suit was brought on the account for the entire contract price, and a verdict was rendered for the full amount of the contract. A motion for a new trial was overruled and judgment entered up for the full amount of the contract price.
Error is prosecuted to this court, and it is claimed by plaintiff in error that the judgment should have been for plaintiff in error, because under the conceded facts the Sutherland Manufacturing Company could not allege and prove performance; and furthermore that it can not recover as on quantum meruit for the part performed. In other words, it is claimed that the contract entered into between these parties was an entire and indivisible one, and that as the destruction of the premises, including such part of the fixtures as were already delivered, was without fault of either party, it was impossible for the Sutherland Company to perform its contract, and therefore there could be no recovery.
The contract in our judgment was not a present sale of chattels, as claimed by defendant in error. -It could not have been such a contract because all the articles, with the exception perhaps of one, had to be manufactured according to special design and photographs. It was an executory contract to manufacture a complete lot of fixtures, which were to be to the satisfaction of the vendee, and were to be installed as already indicated.
*427 The undisputed evidence shows that the contract was entered into in Kentucky and was to be performed in Kentucky. The validity, obligation, and effect of the contract is determinable therefore under the laws of Kentucky. Montana Coal & Coke Company v. The Cincinnati Coal & Coke Company, 69 Ohio State, 351.
The contract being an entire one, under the authorities of that state there could be no recovery either on the contract or on quantum meruit. The latest expression of the supreme court of that state is found in the case of Louisville Foundry & Machine Co. v. Patterson (Kentucky Court of Appeals, 1906, not yet reported). This case, it seems, is decisive, and would bar recovery. It was held that there could be no recovery for the part performance of a contract to install an elevator when the elevator and building were destroyed by fire without fault of either party, although the building of the elevator had so far progressed as to be in running order, and it would require but little more to place the elevator in the condition required by the contract. After pointing out- that the elevator was to be paid for when accepted by the architect, and that it was destroyed before it was completed or accepted, the court goes on to say: '
“It has been ruled in a number of cases that under contracts like the one in this case, where the property has been destroyed before the completion of the contract or the acceptance of the property by the owner, the loss must fall on the contractor.” Citing Lewing v. Ruttles, 97 N. C., 350; Richardson v. Shaw, 1 Mo. App., 234; Tompkins v. Dudley, 25 N. Y., 272.
The principle is laid down in Appleby v. Meyers, L. R., 2 C. P., 651, wherein it was held that where there is an executory contract of such a nature that the parties contemplate the continued existence of a thing, and the thing is destroyed without fault of either party, and performance of the contract is thereby rendered impossible, no recovery can be had on the contract because it has not been performed, nor can there be recovery for the part performance.
The express language in the contract that the fixtures were to be put up complete and that everything was to be done in accordance with the rules and regulations of the National Board *428 of Underwriters and to Mr. Donaldson’s entire satisfaction, rendered it manifestly impossible for plaintiff below to prove performance; for he was not able to prove that the job was complete, or that all the fixtures were satisfactory, or that all had been installed in accordance with the rules of the National Board of Underwriters. Had the contract been an Ohio one, this alone would defeat recovery (Ashley v. Henahan, 56 Ohio St., 559). And the Kentucky case already alluded to expresses the same principle.
The additional point that we desire to make, however, is that the contract provides for the payment of a lump sum, and that this is conditioned among other things upon everything being done; the ordinary significance of which language is that all the fixtures ordered were to be installed in accordance with said conditions before anything became due, and that all the fixtures were to be satisfactory.
It was shown at the trial below that the fixtures already supplied were up to Donaldson’s expectation, and that he had expressed satisfaction with such as had been furnished; but this could not affect the nature of the contract or the liability thereunder, for plaintiff in error was not bound to pay the lump sum as agreed upon until the entire contract had been performed according to its terms. Andrews v. Durant, 11 N. Y. Ct. App., 35; Clarkson v. Stephens, 106 U. S., 505; Wright v. Tetlow, 99 Mass., 397.
And although Donaldson expressed approval of the fixtures delivered, such expressions on his part could not be made the basis of any different acceptance than that provided for in the contract. Until the whole job was complete and all the fixtures satisfactory, he had the express right to change his mind as to any or every fixture. Ellis v. Mortimer, 1 Bos. & Pull. N. R., 257.
If the contract in question is an Ohio one, the common law rule as laid down in "Wald’s Pollock on Contracts (1 Amer. Ed., p. 363) would obtain, and the loss would be placed on defendant in error. See also Withrow v. Withrow, 16 Ohio, 238; Lumber Co. v. Purdam, 41 Ohio St., 373. And in other cases where it clearly appears that a contract is entered into with reference *429 to the existence of a particular thing which is destroyed before the time for the performance of the contract without the fault of either party, both are excused, and there is no right to recover for part performance or on quantum meruit. Siegel v. Eaton, 165 Ill., 550; Huyett v. Edison Co., 167 Ill., 233; Bishop on Contracts, Section 588; Chitty on Contracts, Section 494; Fildew v. Beasley, 42 Mich., 100.
Defendant in error claims that the sale was a present sale of chattels, and that all the fixtures in their several parts must be taken together to make the whole; that the facts in the instant case are not within the principle of the cases where the subject matter of the contract is necessarily an entire thing— for example, where the subject matter of the contract was a house, or an elevator, or a heating system. In other words it is claimed that because of the very nature of the articles here contracted for, the contract was divisible or severable, and therefore there should be recovery as to such fixtures delivered and accepted.
Color is attempted to be given to this claim because of Donaldson’s alleged acceptance of such fixtures as were already delivered; which we have already said was not the acceptance contemplated by the contract, and therefore it can not be argued that there was any acceptance by Donaldson.
In the next place, it is claimed that the severability of the contract is further indicated because specified prices were set opposite specified articles on the schedule. Bearing in mind that Mr. Donaldson’s acceptance was to pay $875 11 for the whole.” we find in Cockley v. Brucker, 54 Ohio St., 214, 226, that the court say:
“The authorities are to the effect that when the consider at'on is single and entire that the contract is entire, even though the subject of the contract consists of two or more distinct and independent items.”
And in Insurance Co. v. Cohn, 17 C.C., 185, it was said:
“Where several items of personal property are insured in one policy, the amount of insurance for each being severally stated, yet it is one contract of insurance, and when loss occurs several suits to recover the insurance for each item oau *430 not be maintained. A suit on one item insured in such policy is a bar to other suits for the other items. ’ ’
And on page 187 the court say:
“There are a large number of authorities cited to us in the brief of counsel, in addition to which attention is called to the case of Jarrett and Deal v. W. R. Self, 89 N. C. Rep., 478. The first clause of the syllabus' reads:
“ ‘AVhere a single contract is made for furnishing certain specified articles at prices, fixed for each, the plaintiff can not be allowed to split up the account and recover for each item separately.’ ”
The question whether the contract is entire or divisible can not be solved by the application of any fixed legal standard. It depends upon the intention of the parties to be gathered from all circumstances surrounding the agreement and from the face of the contract. If it were of any avail to know what practical construction was placed on the contract by. plaintiff below, we would find that it treated the contract at all times as entire. It never sent in any bill for any individual fixture or or fixtures. In fact, it tendered the remaining fixtures due under the contract before bringing suit. "When payment was refused suit was entered, and no claim was made for part performance or for quantum meruit, but for the entire amount of the contract.
Put we do not think the true test to be the construction placed on the contract by either of the parties, or their conduct'thereunder. That might be of great weight if the contract was ambiguous, but that rule does not apply to unambiguous contracts such as the one before us. Page on Contracts, Section 1127.
The nature of the contract is to be determined from the language employed, so that the question would be, not whether the subject-matter can in fact be severed, but whether the parties intended it to be severed. Morris v. Wibaux, 159 Ill., 627. In that case it was said:
“The entirety of a contract depends upon the intention of the parties, and not on the divisibility of the subject-matter. The severable nature of the latter may often assist in determining the intention, but will not overcome the intent to make an entire contract when that is shown.” Shinn v. Bodine, 60 Pa. St., 182, 185; Easton v. Jones, 193 Pa,. St., 147, 149.
Alfred B. Benedict and L. J. Crawford, for plaintiff in error.
Kramer <& Kramer and Otis H. Fisk, for defendant in error.
The intent in this ease seems very clear. Mr. Donaldson was purchasing an entire lot or system of fixtures for a new house, just as he might have contracted for an, entire heating system. True, it was agreed that in case any one of the fixtures did not come up to the expectations he was to have the right of exchange, but the exercise of that privilege could not have affected his liability to pay the $875. Mr. Donaldson was still bound to take the same number of fixtures contracted for and to pay the specified lump sum. Furthermore, the agreement provided that everything was to be done in accordance with the rules and regulations of the National Board of Underwriters. Such language could not have referred to single fixtures or several fixtures, but unmistakably refers to the fixtures as an entirety — to the entire job. Finally, as already stated, Mr. Donaldson agreed to pay “for the whole” an entire sum. All these considerations would seem to indicate clearly that the parties intended the contract to be entire; and, having so intended, the court could not now make a different contract for the parties, but must carry that intent into effect. Clarkson v. Stephens, supra.
The destruction of the fixtures was a misfortune, and as there was no provision in the contract with reference to the risk, the loss under the authorities must fall on defendant in error. This follows whether the contract be viewed as a Kentucky contract or as an Ohio contract.
We therefore think that the judgment should be reversed and. the verdict set aside and judgment entered up for plaintiff in error.