PASQUOTANK AND NORTH RIVER STEAMBOAT COMPANY v. EASTERN CAROLINA TRANSPORTATION COMPANY.

(Filed 7 October, 1914.)

1. **Contracts—Subject-matter—Specific Property—Accidentally Destroyed—Obligation of Party.**

Where the parties contract with reference to specific property, and the obligations assumed clearly contemplate its continued existence, if the property is accidentally lost or destroyed by fire or otherwise, rendering performance impossible, the parties are relieved from further obligations concerning it.

**2. Same—Services Rendered—Severable Contract—Liability.**

Where from the nature of the contract made with reference to specific property the obligations of the parties to each other cease thereunder upon the destruction thereof, and the contract is severable, and substantial benefit has been received under it and enjoyed by one of the parties, this must be accounted for according to the rates fixed by the contract when the work done or services rendered are therein specified to be done or paid for by installments or at stated periods; and where a steamboat is chartered for a certain trip every Sunday, and the contract specified that the lessee is to pay therefor a certain sum each Sunday, payable each month, on certain days, with provision that no payment should be made when weather conditions, etc., would not permit the making of the trip, the contract is severable, and the lessee of the boat is liable for such trips that have been made and not paid for by him, upon the destruction of the boat by an unavoidable circumstance not attributable to the lessor.

**3. Same — Pleadings — Counterclaim—Possession—Trials—Burden of Proof.**

The principle upon which a party to a contract with reference to specific property may be relieved from his obligations thereunder when the property has accidentally been destroyed, is in recognition of the general rule that business contracts are imperative in their nature, and where the other party to the contract insists that he has been wronged by the failure of performance, the position should be made available by counterclaim in the former's action to recover for services actually rendered, and where the property destroyed was in the possession of the plaintiff at the time, the burden is on him to show that he was in the exercise of proper care.

APPEAL by plaintiff from *Ferguson, J.,* at Spring Term, 1914, of PASQUOTANK.

Civil action, tried on appeal from justice's court, in Superior Court.

It appeared in evidence that plaintiff had entered into a contract with defendant, in part as follows:

"Witnesseth, that whereas the said party of the first part is the owner of the steamship 'Virginia,' fully manned and equipped for carrying passengers and freight; and whereas the party of the second part is desirous of chartering said steam-

ship for its use on certain Sundays only, in carrying passengers and freight from Elizabeth City, North Carolina, to Nags Head, North Carolina, and return to Elizabeth City, North Carolina:

"Now, therefore, it is agreed by and between the parties hereto, in consideration of one dollar and other good and sufficient consideration not herein mentioned, in hand paid, and moving from each to the other of them, as follows, towit:

"(1) That the said party of the first part hereby leases and charters to the said party of the second part the said steamship 'Virginia,' fully manned and equipped, for each Sunday during the period or term beginning Sunday, 23 June, 1912, and ending Sunday, 29 September, 1912, both Sundays inclusive; and the said party of the second part is to pay to the said party of the first part for the use of said steamship on said Sundays the sum of $80 per Sunday, payable on the 1st and 15th of each month after said steamship has been so used by said party of the second part during said term."

And further:

"(7) It is further understood and agreed by and between the parties hereto that if on any of said Sundays the weather should be so bad that said steamship could not safely make said trip and land its passengers at Nags Head, then said steamship shall not make said trip on said day, and the said party of the second part will not be required to pay for said day the $80 above herein mentioned."

The evidence showed that pursuant to this contract the steamer was supplied for the purpose indicated until 4 August, 1912, when it was totally destroyed by fire. It was admitted that plaintiff had been paid for all the trips made to that time except those of 21 July and 28 July, and for the same no payment had been made.

Defendant resisted recovery, claiming, first, that the contract was entire and plaintiff had no right of action without showing full performance for the whole period of time covered by the contract.

Defendant further set up a counterclaim against plaintiff by reason of failure to perform on its part.

At the close of the testimony a motion to nonsuit plaintiff's demand was allowed, and defendant, having then withdrawn his counterclaim, a judgment of nonsuit was duly entered, and plaintiff excepted and appealed.

*Ehringhaus & Small for plaintiff.*
*J. Kenyon Wilson for defendant.*

HOKE, J., after stating the case: Where parties contract with reference to specific property and the obligations assumed clearly contemplate its continued existence, if the property is accidentally lost or destroyed by fire or otherwise, rendering performance impossible, the parties are relieved from further obligations concerning it.

As to the executory features of such an agreement, the destruction of the property, without fault, will amount to a discharge of the contract. 3 Page on Contracts, sec. 1730; Clark on Contracts (2 Ed.), p. 475. Under the circumstances as stated and in reference to the adjustment of rights and liabilities of the parties by reason of stipulations already performed, if the contract in express terms or from its nature is entire and indivisible, requiring full performance before anything is due, then no recovery can be had; but if the contract is severable, and substantial benefit has been received under it and enjoyed by one of the parties, this must ordinarily be accounted for, either according to the rates fixed by the contract or under a *quantum meruit,* as the case may be; and if under the terms of the contract the work done or the services rendered are to be paid for by installments or at stated periods, these installments or payments being fixed with regard to the value of the work done or as specified portions are performed, in that event, if the property is destroyed, the claimant may recover for the installments due or for the portion of the work done as for an amount already earned.

These general principles are in accordance with decided cases here and in other jurisdictions. *Keel v. Construction Co.,* 143

N. C., pp. 429-432; *Tussey v. Owen,* 139 N. C., 457; *Coal Co. v. Ice Co.,* 134 N. C., 574; *Lawing v. Rintels,* 97 N. C., 350; *Chamblee v. Baker,* 95 N. C., 98; *Gorman v. Bellamy,* 82 N. C., 496; *Brewer v. Tysor,* 50 N. C., 173; *Viterbo v. Friedlander,* 120 U. S., 707; *McCaslin v. Mfg. Co.,* 155 Ind., 298; *Dexter v. Norton,* 47 N. Y., 62; *Wells v. Colnan,* 107 Mass., 514; *Stewart v. Stone,* 127 N. Y., 500; and the two cases of *Lawing v. Rintels, supra,* and *Keel v. Construction Co.,* very well illustrate the different positions as applied to the facts of the present appeal. In *Lawing's case* a contract to construct certain buildings as a whole was held to be entire, and, on accidental destruction of buildings before completion, it was held that the contractor could not recover any portion of the price. In the later case of *Keel v. Construction Co.* the contract was to construct a building, the payment to be by certain installments, due as specified portions of the structure were completed; the apportionment having evident reference to the portion of the work done, and in the opinion the general principles applicable were stated as follows:

"When one contracts with the owner of a lot to furnish all the materials and build and construct a house thereon for a certain price, the contract being entire and indivisible, if the structure, before completion, is destroyed by fire, without fault on the part of the owner, and the contractor, being given the opportunity, refuses to proceed further: in such case he is liable to refund any money which may have been paid him on the contract, and also for damages for its nonperformance. *Brewer v. Tysor,* 48 N. C., 181; *Lawing v. Rintels,* 97 N. C., 350; Beach's Modern Law of Contracts, sec. 232, citing *Tompkins v. Dudley,* 25 N. Y., 272."

And this principle will not be affected by the fact that the money is to be paid by installments, if the price is entire for a completed building and these installments are arbitrary and fixed without any regard to the value of any distinctive portion of the work. *School Trustees v. Barrett,* 27 N. J. Law.

But if the contract is divisible and severable—if the price is not entire for a completed building, but is payable by install-

ments, these installments being fixed with regard to the value of the work done, or as certain portions of same are finished: in that event, if the structure be destroyed by inevitable accident, "the builder is entitled to recover for the installments which have been fully earned." But it seems that he has no claim for a proportional part of the next installment which has been only partially earned. *Brewer v. Tysor,* 50 N. C., 173; Beach Modern Law, citing *Richardson v. Shaw,* 1 Mo. Ap., 234.

In this well considered case, *Laws, J.,* delivering the opinion, says: "The true principle which controls such a case as this is clearly stated in Addison on Contracts, 452: 'If the contract price of the building is to be paid by installments on the completion of certain specified portions of the work, each installment becomes a debt due to the builder as the particular portion specified is completed; and if the house is destroyed by accident, the employer would be bound to pay the installment then due, but would not be responsible for any intermediate work and labor and materials.'" And such is in effect the case presented here, the contract showing that plaintiff was to be paid "$80 per Sunday, payable on the 1st and 15th of each month after such steamship has been so used by said party of the second part during said term"; and in further support of the position that the price per Sunday was to be regarded as a severable item, it is provided further in the contract that in case the weather was such as to prevent the trip on any given Sunday, the stipulated price for such day was not to be required.

On the facts in evidence, therefore, the plaintiff, in any aspect of the case, had a definite claim for $160, earned under the provisions of the contract, which entitled him to bring suit; and if defendant desires to insist that it has been wronged by plaintiff's failure to perform further, the position should be made available by counterclaim, the course suggested and approved in some of the authorities cited. See *Coal Co. v. Ice Co.,* 134 N. C., at page 579; *Chamblee v. Baker, supra; Gorman v. Bellamy, supra.*

In reference to this counterclaim of defendant, it may be well to note that the obligations of an ordinary business contract are

imperative in their nature. This principle, which relieves a party to such a contract by reason of the destruction of the property with which it deals, is sometimes treated as an exception; the general rule being the other way. 9 Cyc., pp. 627-628-629.

Before a party can avail himself of such a position, he is required to show that the property was destroyed, and without fault on his part. For this reason, and further because, by the terms of the present contract, the care and custody of the property was left with plaintiff, if it is established that plaintiff has failed to further perform the executory features of this agreement, the burden would be on plaintiff to show that the steamer was destroyed by fire and that the plaintiff and its agents were in the exercise of proper care at the time.

For the reasons heretofore given, the judgment of nonsuit must be set aside and a new trial had.

New trial.