A. M. BENNETT v. PROVIDENT FIRE INSURANCE COMPANY, AND J. H. SAMPLE, TRUSTEE, v. PIEDMONT FIRE INSURANCE COMPANY OF CHARLOTTE, N. C.

(Filed 8 January, 1930.)

1. **Insurance E b—Ambiguous insurance contract will be construed in favor of insured.**

Where a policy of fire insurance is ambiguously expressed and capable of two reasonable interpretations, the interpretation more favorable to the insured will be adopted by the court.

2. **Same—Insurance contract will be construed as a whole to effectuate the intent and purpose of the parties.**

In construing a contract of fire insurance the courts are at liberty to consider the purpose of the contract in securing the interest of the mortgagee when that purpose necessarily and plainly appears from a perusal of the entire writing, and, where there are somewhat inconsistent provisions, that construction will be adopted which, while not giving effect to all provisions, will at the same time plainly tend to carry out the clear purpose and intent of the written instrument.

3. **Insurance N c—In this case held: insurer of mortgagee liable for total loss, and not entitled to pro rate with insurer of mortgagor.**

Where under the statutory standard form of a policy of fire insurance certain policies are taken out with a loss payable clause in favor of the mortgagee, with provision that no act or neglect of the owner with regard to the property shall invalidate the insurance as to the interest of the mortgagee, the evident intent of the policy is for the protection of the mortgagee, and where the owner has taken out other policies of insurance on the same property with other companies without the knowledge of the mortgagee, the company issuing the policy with the loss payable clause in favor of the mortgagee is not entitled to pro rate a loss thereunder with the other company, and is liable for the full amount of the loss.

APPEAL by defendant, Piedmont Fire Insurance Company of Charlotte, N. C., from *Finley, J.,* at August Term, 1929, of BUNCOMBE.

Civil actions by A. M. Bennett, owner, and J. H. Sample, trustee in deed of trust, to recover on different fire insurance policies issued on the same property, consolidated and tried together at the August Term, 1929, Buncombe Superior Court.

The action of J. H. Sample, trustee, is to recover on three policies of insurance, issued by the Piedmont Fire Insurance Company in the sum of $2,000 each, dated 2 April, 23 April and 21 May, 1927, respectively, and each containing a rider or New York Standard Mortgage clause, in favor of J. H. Sample, trustee, as mortgagee or trustee, as his interest may appear, the material provisions of said rider or standard mortgage clause being as follows:

"Loss or damage, if any, under this policy, shall be payable to J. H. Sample, as trustee, mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property. . . .

"In case of any other insurance upon the within described property, this company shall not be liable under this policy for a greater proportion of any loss or damage sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee or otherwise."

The action of A. M. Bennett is to recover on two policies of insurance, issued by the Provident Fire Insurance Company in the sums of $7,000, dated 25 May, 1927, and $2,000 dated 24 June, 1927, respectively, and neither containing a standard mortgage clause in favor of the trustee, or otherwise, but both covering only the interest of the owner. Said policies were issued without the knowledge or consent of J. H. Sample, trustee.

On 13 January, 1928, while all the policies were in force, the property, worth at that time $9,691.93, was damaged by fire to the extent, as fixed by agreement of the parties, of $2,936.95.

From a judgment against the Piedmont Fire Insurance Company in favor of J. H. Sample, trustee, for the full amount of the loss, and denying to A. M. Bennett any right of recovery as against the Provident Fire Insurance Company, the Piedmont Fire Insurance Company appeals, assigning errors.

*W. B. Miller* for *plaintiff, Sample, trustee.*
*Brooks, Parker, Smith & Wharton* for *defendant, Provident Company.*
*Bourne, Parker & Jones* for *defendant, Piedmont Company.*

STACY, C. J. The appeal presents, for the first time in this jurisdiction, the question as to whether the subsequent act of an owner or mortgagor in taking out additional insurance, without the knowledge or consent of the mortgagee, to protect alone his interest in mortgaged property, *ipso facto* reduces proportionately the amount of prior insurance held by a mortgagee or trustee on the same property under a New York Standard Mortgage Clause.

At least six courts have passed upon the question, two deciding it in the affirmative *(Hartford Fire Insurance Co. v. Williams,* 63 Fed., 925, *Sun Ins. Co. v. Varable,* 103 Ky., 758), and four in the negative *(Eddy*

*v. London Assurance Corp.,* 143 N. Y., 311, *Hardy v. Lancashire Ins. Co.,* 166 Mass., 210, *Germania Fire Ins. Co. v. Bailey,* 19 Ariz., 580, *Martin v. Sun Ins. of London,* 83 Fla., 325).

The question was adverted to, but not decided, in *Bank v. Ins. Co.,* 187 N. C., 97, 121 S. E., 37, where it was held that the standard or union mortgage clause, engrafted upon a policy of insurance, operates as a distinct and independent contract of insurance for the separate benefit of the mortgagee, as his interest may appear, to the extent, at least, of not being invalidated, *pro tanto* or otherwise, by any act or omission on the part of the owner or mortgagor, unknown to the mortgagee.

It is provided by each of the standard mortgage clauses in question that the Piedmont Fire Insurance Company shall not be liable under its policies for a greater proportion of any loss or damage sustained thereunder than the amount of such insurance bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee or otherwise. It is also provided in said standard mortgage clauses that the insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property.

Why these two apparently conflicting provisions should have been inserted in the same contract is not easy to perceive, but in keeping with the general rule of construction, with respect to ambiguously worded policies of insurance, where they are reasonably susceptible of two interpretations, we think the one more favorable to the assured should be adopted. *Underwood v. Ins. Co.,* 185 N. C., 538, 117 S. E., 790.

The clause in question received consideration by the New York Court of Appeals in the case of *Eddy v. London Assurance Corp., supra,* where *Peckham, J.,* delivering the opinion, said:

"It is clear that the only object of the mortgagee is to obtain a security upon which he can rely, and this object is, of course, also plain and clear to the insurer. Both parties proceed to enter into a contract with that one end in view. In order to make it plain beyond question the statement is made that no act or neglect of the owner with regard to the property shall invalidate the insurance of the mortgagee. When, in the face of such an agreement, entered into for the purpose stated, there is also placed in the instrument a provision as to the proportionate payment of a loss, we think the true meaning to be extracted from the whole instrument is that the insurance which shall diminish or impair the right of the mortgagee to recover for his loss is one which shall have been issued upon his interest in the property, or when he shall have consented to the

other insurance upon the owner's interest. This may not, perhaps, give full effect to the strict language of the apportionment clause, but if full effect be given to that clause, and it should be held to call for the consequent reduction of the liability of the insurers in such a case as this, then full effect is denied to the important and material, if not the controlling, clause in the contract, which provides that the insurance of the mortgagee shall not be injuriously 'impaired or affected' by the act or neglect of the owner. As used in these mortgagee clauses, this is the meaning of the word 'invalidate.' *(Hastings v. Ins. Co.,* 73 N. Y., at page 149).

"We must strive to give effect to all the provisions of the contract and to enforce the actual meaning of the parties to it as evidenced by all the language used within the four corners of the instrument. We are also at liberty to consider the purpose for which the contract was executed, where that purpose plainly and necessarily appears from a perusal of the whole paper. That construction will be adopted, in the case of somewhat inconsistent provisions, which, while giving some effect to all of them, will at the same time plainly tend to carry out the clear purpose of the agreement; that purpose which it is obvious all the parties thereto were cognizant of and intended by the agreement to further and to consummate."

Perceiving that the judgment below accords, in principle, with our own decisions and with the majority of cases elsewhere, we are inclined to approve it. With this disposition of the appeal, the remaining questions, sought to be presented, become academic.

No error.