The agreed statement of facts is as follows:
"This action is now pending in the Superior Court of Johnston County, and the parties hereto desiring to waive a jury trial, agree upon the following facts and submit the same to the judge holding the courts of Johnston County for a judgment as may be just and proper:
1. That on and prior to 22 October, 1930, R. P. Holding was the owner of a tract of land containing about 119.86 acres, lying and being in Selma Township, Johnston County and said lands were encumbered as follows:
(a) A deed of trust securing the Metropolitan Life Insurance Company in the sum of $2,250 and said deed of trust is recorded in Book 167, page 69, of the Johnston County registry.
(b) A mortgage deed to Alice R. Mahler in the sum of $6,750, and this mortgage is recorded in Book 195 at page 202 of the Johnston County registry.
2. That Harvey Atkinson and wife on or about 22 October, 1930, and prior thereto were owners of a tract of land of about 72 acres lying and being in Selma Township, Johnston County, and said lands were encumbered, besides other mortgages and deeds of trust, by a mortgage from the said Harvey Atkinson and wife to Roger A. Smith, Jr., in the sum of $150.15 and was of record in Book 243, at page 137, Johnston County registry.
3. That on 22 October, 1930, said R. P. Holding and wife, Maggie B. Holding, conveyed to Harvey Atkinson and wife, Minnie S. Atkinson, the said 119.86 acres of land by deed, and the said Harvey Atkinson *Page 694 
and wife, Minnie S. Atkinson, conveyed to R. P. Holding and wife. Maggie B. Holding, a tract of land containing 72 acres, said tracts being the ones described in the paragraphs above. That the said 119.86 acres conveyed by Holding to Atkinson were encumbered by a deed of trust to Metropolitan Life Insurance Company, and by a second mortgage to Alice R. Mahler.
4. That Roger A. Smith, Jr., on 22 October, 1930, and prior thereto, as well as a long time thereafter, was a resident of Smithfield, Johnston County, State of North Carolina, and was duly authorized local agent of the Milwaukee Mechanics Insurance Company, which company was engaged during the times mentioned in writing fire insurance in the said county of Johnston.
5. It is admitted that Roger A. Smith, Jr., duly authorized local agent of Milwaukee Mechanics Insurance Company, had knowledge of the deed of trust to Metropolitan Life Insurance Company on the 119.86 acres and it is also admitted that Roger A. Smith, Jr., had knowledge that said property was encumbered by a second mortgage to Alice R. Mahler. That at the time of the trade of the lands between Harvey Atkinson and R. P. Holding as set out above, the said Roger A. Smith, Jr., was duly notified of the intention of the parties to make said trade and he knew the day on which the trade between the parties was finally consummated, to wit, on 22 October, 1930, this fact being admitted by said Roger A. Smith, Jr.
6. That on 22 October, 1930, said R. P. Holding was insured for the benefit of the said Metropolitan Life Insurance Company upon the buildings situate on the 119.86 acres, and after the trade was made by the said assured and Harvey Atkinson and wife, the said Roger A. Smith, Jr., was notified as agent to change the assured on his policy then in force from R. P. Holding to Harvey Atkinson and wife, Minnie S. Atkinson, but the said agent failed to make said change. That said policy expired on 8 November, 1930. That some time between 10 October, 1930, and 3 November, 1930, Roger A. Smith, Jr., agent for the Milwaukee Mechanics Insurance Company, wrote policy No. 13 of said company insuring said buildings in the name of R. P. Holding, although said R. P. Holding was not the owner of said property after 22 October, 1930, as the said Roger A. Smith, Jr., knew and he knew that the said Harvey Atkinson and wife, Minnie S. Atkinson, were the owners of said property after 22 October, 1930, subject to the encumbrances against said property as set out in paragraph 5 hereof. That said policy is attached hereto and made a part of the agreed statement of facts. That said policy insured the buildings on said property from 8 November, 1930, at noon, to 8 November, 1931, at noon. That said policy was forwarded to the Metropolitan Life Insurance Company at *Page 695 
Raleigh, N.C.; that the premium on said policy was not paid to Roger A. Smith, Jr., by anyone.
7. That on 31 October, 1930, the Metropolitan Life Insurance Company for the first time was informed by R. P. Holding that he did not own said lands and was informed that the said Harvey Atkinson and wife, Minnie S. Atkinson, were the owners of same and were informed by the said R. P. Holding that he had notified Roger A. Smith, Jr., agent for the Milwaukee Mechanics Insurance Company, of said change of ownership by letter as follows:
`Smithfield, N.C. 31 October, 1930. Mr. A. T. Dixon, manager, Carolina Branch Office, 131 South Salisbury Street, Metropolitan Life Insurance Company, Raleigh, N.C. Dear Mr. Dixon: Loan BO-226. You will please find enclosed herewith check for $135.00 to cover interest on the Alice and J. E. Mahler mortgage loan to 1 November, 1930. Several days ago I received a letter from your office with reference to the insurance on the buildings of this farm expiring 8 November, 1930, I wish to advise that I have traded my equity in this farm to Mr. Harvey Atkinson, Smithfield, N.C. R.F.D. No. 2, and I have so advised Mr. Roger A. Smith, Jr., who issued the policy in this connection. Please send future notices of interest payment to Mr. Atkinson, as I have no further interest in the farm. Yours very truly, R. P. Holding. Copy to Mr. J. E. Mahler, Smithfield, N.C.'
8. That said policy was received by Metropolitan Life Insurance Company some time between 10 October and 3 November, 1930. That said Metropolitan Life Insurance Company did not notify Roger A. Smith, Jr., or the Milwaukee Mechanics Insurance Company of the contents of the letter which it had received from said R. P. Holding as set out above. That said policy had attached to it a New York Standard Mortgagee's clause in favor of the Metropolitan Life Insurance Company, with loss payable to it as mortgagee, a copy of said loss payable clause being hereto attached and made a part of the agreed statement of facts.
9. That on 24 December, 1930, while said policy was in force the building described in said policy as a barn was totally destroyed by fire and on or about 5 January, 1931, the building described as dwelling No. 1 was totally destroyed by fire, and that the loss had been appraised at $400.00 for the barn and $1,278.22 for the dwelling and all parties agree that this is a fair appraisal of said loss and if liability exists under this policy that the loss be fixed at this amount, with interest from 15 November, 1931.
10. That Alice R. Mahler has been assigned all right, title and interest in said policy and in any right of action upon the same for the *Page 696 
loss of said property by R. P. Holding, Harvey Atkinson and wife, Minnie S. Atkinson.
From the foregoing statement of facts the plaintiff Alice R. Mahler contends that she is entitled to receive from the Milwaukee Mechanics Insurance Company the sum of $1,678.22 with interest from 15 November, 1931, the said sum to be impressed with the trust in favor of the Metropolitan Life Insurance Company, and the defendant Metropolitan Life Insurance Company contends it is entitled to said amount by virtue of a New York Standard Mortgagee's clause in its favor attached to said policy, and the Milwaukee Mechanics Insurance Company contends that it is not liable to the plaintiff or the Metropolitan Life Insurance Company for that the plaintiff claims only as assignee of R. P. Holding and Harvey Atkinson and wife (see assignment attached to complaint); and as the assignors cannot recover, the assignee cannot recover; that the Metropolitan Life Insurance Company cannot recover for that under the New York Standard Mortgagee Clause attached to the policy (see provision set out in answer of Insurance Company) it was the duty of the said Life Insurance Company to notify the Fire Insurance Company of the change of ownership.
The judgment of the court below is as follows: "This cause having been submitted to the undersigned judge upon an agreed statement of facts and with written stipulations that judgment upon the said agreed statement of facts might be rendered out of term and out of the district, the said undersigned judge having taken the said agreed statement of facts under advisement and given the same full and careful consideration the contentions of the parties to the action as set out in briefs filed by each of said parties and the court being of the opinion that plaintiff is entitled to recover upon her cause of action: It is therefore considered, ordered and adjudged that Alice R. Mahler, plaintiff, recover of the Milwaukee Mechanics Insurance Company one of the defendants, the sum of $1,678.22, with interest from 15 November, 1931, until paid. It is further considered, ordered and adjudged that the said sum of money is impressed with a lien in favor of the Metropolitan Life Insurance Company, mortgagee, as set out in the contract in the policy of insurance, the basis of this suit, by virtue of the loss payable clause attached to said policy, as its interest may appear, by reason of that certain deed of trust recorded in Book 167, page 69, of the Johnston County registry. It is further ordered that the defendant, the Milwaukee Mechanics Insurance Company pay the cost of the action as taxed by the clerk of this court. Done at chambers, this 30 June, 1933."
The exception and assignment of error made by Milwaukee Mechanics Insurance Company, is as follows: "That the judgment of his Honor upon the pleadings and the statement of agreed facts is erroneous." *Page 697 
We cannot hold that the judgment of the court below, upon the pleadings and the statement of agreed facts, is erroneous.
The New York Standard Mortgagee Clause attached to the policy issued in this controversy, is as follows: "New York Standard Mortgagee Clause for use in connection with first mortgage interest on real estate. Loss, or damage, if any, under this policy shall be payable to the Metropolitan Life Insurance Company, as mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same. Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void. This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this company shall have the right, on like notice, to cancel this agreement. Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that as to the mortgagor or owner, no liability therefor existed, this company shall to the extent of such payment be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of its claim. *Page 698 
Dated 8 November, 1930. Mechanics Insurance Company, of Milwaukee. Roger A. Smith, Jr. (Signature for Company.)"
The defendant, Milwaukee Mechanics Insurance Company's first contention is that it was "the duty of the Metropolitan Life Insurance Company, beneficiary named in the New York Standard Mortgage Clause, to report to the Milwaukee Mechanics Insurance Company the change in ownership of the property covered by the insurance, and the effect of its failure so to do" makes the policy null and void.
We cannot so hold, under the facts and circumstances of this case. It will be noted that the rider was dated 8 November, 1930 "attached to policy No. 13 of the Milwaukee Mechanics Insurance Company of Milwaukee — Roger A. Smith, Jr. (Signature for Company.)"
In the findings of fact Nos. 4 and 5, supra, it is admitted: "That Roger A. Smith, Jr., on 22 October, 1930, and prior thereto, as well as a long time thereafter . . . was the duly authorized local agent of the Milwaukee Mechanics Insurance Company," etc. — "had knowledge," etc.
In Bank v. Ins. Co., 187 N.C. 97 (102), citing a wealth of authorities, it is said: "With respect to the rights of the mortgagee under the standard mortgage clause, it is the generally accepted position that this clause operates as a separate and distinct insurance of the mortgagee's interest, to the extent, at least, of not being invalidated by any act or omission on the part of the owner or mortgagor, unknown to the mortgagee; and, according to the clear weight of authority, this affords protection against previous acts as well as subsequent acts of the assured." C. S., 6420; Bank v. Bank, 197 N.C. 68; Peeler v. Casualty Co.,197 N.C. 286; Bennett v. Ins. Co., 198 N.C. 174.
In Johnson v. Ins. Co., 172 N.C. 142 (147-8), we find: "In Bergeron v.Ins. Co., 111 N.C. 47, the Court quotes with approval from May on Insurance, that `facts material to the risk, made known to the agent (or a subagent intrusted with the business) before the policy is issued, are constructively known to the company, and cannot be set up to defeat a recovery on the policy'; and in Grabbs v. Ins. Co., 125 N.C. 395: `It is well known that as a general rule fire insurance policies are issued in a different way from those of life insurance companies. The latter are usually issued directly from the home office, while fire insurance policies are generally sent to the local agent in blank, and are filled up, signed and issued by him. The blanks, while purporting to be signed by the higher officers of the company, usually have their names simply printed thereon in autographic facsimile. Under such circumstances, can it be doubted that the policy is issued by the agent, who, for all purposes connected with such insurance, is the alter ego of the insurer? That he is, *Page 699 
seems too well settled to need citation of authorities, and therefore his knowledge is the knowledge of the company. We can only repeat what we have so recently said in Horton v. Ins. Co., 122 N.C. 498, 503: `It is well settled in this State that the knowledge of the local agent of an insurance company is in law the knowledge of the principal; that the conditions, in a policy working a forfeiture are matters of contract and not of limitation, and may be waived by the insurer; and that such waiver may be presumed from the acts of the agent.' The same authorities also support the position that if the defendant issued the policy knowing the conditions existing at the time, it cannot now avoid responsibility on account of those conditions. Nor does the provision in the policy restricting the power of the agent to waive conditions and stipulations affect the application of this rule, because the restrictions are generally construed to apply to something existing at the inception of the policy." Bullard v. Ins. Co., 189 N.C. 34;Midkiff v. Ins. Co., 197 N.C. 139; Houck v. Ins. Co., 198 N.C. 303;Smith v. Ins. Co., 198 N.C. 578. This matter has recently been discussed in Hill v. Ins. Co., 200 N.C. 115.
Roger A. Smith, Jr., was the duly authorized local agent of the Milwaukee Mechanics Insurance Company. He was the alter ego and made this contract and had knowledge of the change in ownership of the property covered by the insurance when the contract was made. The contract was made by Roger A. Smith, Jr., "Signature for Company," with the Metropolitan Life Insurance Company. The agent Smith, the alter ego, knew the facts which knowledge was imputed to the company. Why the necessity of the Metropolitan Life Insurance Company giving another notice? The change of ownership was known to its alter ego. It may be noted that although the Milwaukee Mechanics Insurance Company, through its alter ego, had notice of the change in ownership, yet the company, with this knowledge, no doubt conveyed to it by its agent, took no steps, if it could, to repudiate the act of its alter ego, the local agent. If it had notified the Metropolitan Life Insurance Company, a new policy could have been obtained, but it did nothing until after the fire loss and now attempts to repudiate the rider — the New York Standard Mortgage Clause.
The defendant Milwaukee Mechanics Insurance Company's second contention is: "Was the knowledge of the local agent imputable to the company?" We think so. This is fully sustained by the authorities above cited. But defendant, Milwaukee Mechanics Insurance Company contends that there is an exception, and cites Bank v. West, 184 N.C. 220 (223), that Roger A. Smith, Jr., has an interest inimicable to his company. This is a well grounded principle of law, upheld by this Court and the courts of other states, but is not applicable to the facts *Page 700 
in the instant case. Roger A. Smith, Jr., by issuing the policy served no interest of his own. He did not conceal anything from the company, and his interest was not opposed to the company. His sole connection with the trade was as holder of a second mortgage on lands in nowise connected with this suit. Roger A. Smith, Jr., was not serving two masters. His only one was the Milwaukee Mechanics Insurance Company. We see no foundation in the facts of record for this contention.
The defendant, Milwaukee Mechanics Insurance Company's third contention is that "Mrs. Mahler, the plaintiff, sues only as assignee of whatever rights R. P. Holding and Harvey Atkinson and wife had." It is contended by this defendant that these parties had no rights, and therefore plaintiff had none. We cannot so hold. The Metropolitan Life Insurance Company, had a first mortgage on the property and the Milwaukee Mechanics Insurance Company, agent, the alter ego, renewed the insurance with the Metropolitan Life Insurance Company, with full knowledge that the land of these parties was encumbered with the mortgages. We think these parties had an equitable interest in the property subject to transfer to plaintiff. We do not think that it was necessary, under the facts and circumstances of this case, for plaintiff to ask for any reformation of the contract, and Burton v. Ins.Co., 198 N.C. 498, is not applicable to the facts in this case.
This Court has uniformly held that all actions must be instituted in the name of the real party in interest. The real party in interest in this case is Alice R. Mahler, assignee. This claim or cause of action is nothing more than a chose in action which is the subject of an equitable transfer and assignment. Mr. Couch in his valuable work on Insurance, Vol. 6, section 1450-J, lays down this principle: "A mere equitable assignment, the policy itself not being assigned, will not defeat the policy under a general clause forbidding an assignment thereof, unless it is specially prohibited by the terms of the contract. But even though an assignment of a right to the proceeds in a fire policy may not be a valid legal assignment of the policy, it may operate as an equitable assignment, vesting in the assignee an equitable interest in the proceeds." Nor was it necessary that the policy of insurance be reformed. This rule is laid down in 26 C. J., p. 107: "Reformation is not necessary where insurer has waived or is estopped to rely upon a breach of a condition in the policy." The letter of R. P. Holding to the Metropolitan Life Insurance Company is immaterial.
It is admitted that Roger A. Smith, Jr., was the duly authorized agent of the Milwaukee Mechanics Insurance Company, he had actual notice of the change of owners and he also knew of the encumbrances against the property, both the first and second mortgages. He had this knowledge before the inception or effective date of the policy that was *Page 701 
issued with rider, loss clause, New York Standard Mortgage Clause, for the benefit of the Metropolitan Life Insurance Company, that had a first mortgage. With such knowledge, the written provisions of the policy were thereby waived. For the reasons given, the judgment in the court below is
Affirmed.