MRS. D. C. (HERMIE) STOCKTON ET AL. v. ATLANTIC FIRE INSURANCE COMPANY.

(Filed 19 September, 1934.)

1. **Insurance P b—Evidence of agent's knowledge of prior encumbrance at time policy was issued held competent under plea of waiver.**

    Evidence that insurer's agent knew at the time of the issuance of a fire insurance policy that the property was subject to a prior encumbrance is competent in an action on the policy in which plaintiff's plea that insurer waived the provisions of the policy relating to encumbrances.

2. **Same—**

    Under the evidence in this case the right of the mortgagee to recover under his separate contract of insurance contained in the standard mortgagee clause in the policy of fire insurance in suit should have been submitted to the jury, and the granting of insurer's motion as of nonsuit was error.

3. **Insurance N c—Rights of mortgagee named in standard mortgagee clause of fire insurance.**

    A standard mortgagee clause in a policy of fire insurance creates a separate contract between the mortgagee and the insurer to the extent, at least, of not being invalidated, *pro tanto* or otherwise, by any act or omission on the part of the owner or mortgagor which is unknown to the mortgagee, whether done prior or subsequent to the issuance of the policy.

4. **Same—**

    The fact that a mortgagee named in a standard mortgagee clause in a policy of fire insurance hypothecates the mortgage note and policy as collateral security for his note does not *ipso facto* render the standard mortgagee clause void as to his interest.

· APPEAL by plaintiffs from *McElroy, J.,* at April Term, 1934, of MACON.

Civil action to recover for loss by fire under a policy of insurance issued by the defendant.

The facts are these:

1. On 20 June, 1932, the defendant issued to Mrs. D. C. (Hermie) Stockton fire insurance policy in amount $1,350, on two-story, frame building, occupied by tenant as a dwelling-house, with loss payable, under New York Standard Mortgagee Clause, to D. C. Stockton, husband of insured, as his interest may appear under a $1,000 deed of trust on said property.

2. Prior to the issuance of the policy in suit, D. C. Stockton had pledged his note and deed of trust to H. Arthur Osborne Company, A. B. Slagle, and J. W. Hastings as collateral security.

3. The Federal Land Bank of Columbia held a first and prior mortgage on said property (executed by plaintiff's predecessor in title), and had also insured the same for its benefit, at the time of the issuance of the policy in suit.

4. The plaintiffs offered to show, under their plea of waiver, that the defendant's agent had full knowledge of this prior encumbrance before issuing the policy in suit. Evidence excluded, and plaintiffs except.

5. Foreclosure proceedings were instituted by the Federal Land Bank on 22 June, 1932.

6. The dwelling covered by the policy in suit was totally destroyed by fire 12 January, 1933.

From a judgment of nonsuit entered at the close of all the evidence the plaintiffs appeal, assigning errors.

*George B. Patton, Jones & Jones, R. D. Sisk, and J. H. Stockton for plaintiffs, intervenors.*

*J. M. Broughton and A. Hall Johnston for defendant.*

STACY, C. J. Under their plea of waiver it was competent for the plaintiffs to show that defendant's agent had full knowledge of the encumbrance held by the Federal Land Bank at the time of the issuance of the policy in suit. *Houck v. Ins. Co.,* 198 N. C., 303, 151 S. E., 628; *Aldridge v. Ins. Co.,* 194 N. C., 683, 140 S. E., 706; *Johnson v. Ins. Co.,* 172 N. C., 142, 90 S. E., 124.

The correctness of the judgment as it affects the owner, Mrs. Stockton, was conceded on the argument. *Bank v. Ins. Co.,* 187 N. C., 97, 121 S. E., 37. But the case of D. C. Stockton, who claims under a separate contract of insurance, the Standard Mortgagee Clause, would seem to be

one for the jury. *Bank v. Ins. Co., supra; Mahler v. Ins. Co.,* 205 N. C., 692, 172 S. E., 204.

It is the generally accepted position that the New York Standard Mortgagee Clause, engrafted on a policy of fire insurance, operates as a distinct and independent contract of insurance for the separate benefit of the mortgagee, as his interest may appear, to the extent, at least, of not being invalidated, *pro tanto* or otherwise, by any act or omission on the part of the owner or mortgagor, unknown to the mortgagee; and accordingly, as such, it affords protection against previous as well as subsequent acts of the assured. *Bennett v. Ins. Co.,* 198 N. C., 174, 151 S. E., 98, 72 A. L. R., 275; *Bank v. Bank,* 197 N. C., 68, 147 S. E., 691.

The fact that, prior to the issuance of the policy in suit, the mortgagee had hypothecated his note and mortgage as collateral security did not *ipso facto* render the Standard Mortgagee Clause void as to his interest. There is nothing in the separate contract of insurance to this effect.

Reversed.