J. T. GREEN AND JACK GOSNELL v. FIDELITY-PHENIX FIRE INSURANCE COMPANY.

(Filed 21 March, 1951.)

**1. Pleadings § 28—**

Upon defendant's motion for judgment on the pleadings, the allegations of the complaint must be taken as true.

**2. Arbitration and Award § 13: Insurance § 24b (2)—**

Where arbitration proceedings are had in accordance with the policy agreement, the insured mortgagor participating in the proceedings is ordi-

narily bound by the award, and he may not attack it on the ground that the proceedings were had without the knowledge or consent of the mortgagee.

**3. Insurance § 21—**

The standard or union mortgage clause, which provides that the interest of the mortgagee in the proceeds of the policy shall not be invalidated by any act or neglect of the mortgagor, constitutes an independent contract between the insurer and the mortgagee effecting a separate insurance of the mortgage interest, and under such clause the mortgagee is not bound by any adjustment of the loss between insurer and the mortgagor had without his knowledge or consent.

**4. Same: Chattel Mortgages and Conditional Sales § 6½—**

An open or simple loss payable clause in favor of the mortgagee does not create an original contract between the insurer and the mortgagee but merely makes the mortgagee an appointee of the insurance fund to the extent of his interest in derivation of the rights of the insured mortgagor, and therefore a mortgagee under such clause can have no greater right than the mortgagor and is bound by an appraisal or arbitration had in good faith between the mortgagor and the insured, even though he is not a party and has no notice of the proceeding.

**5. Same: Insurance § 24b (2)—**

Where the policy contract specifically provides that the amount of loss should be determined by appraisers appointed by insured and insurer, without provision in any portion of the policy that the mortgagee named in the open or simple loss payable clause in the policy should be notified, the mortgagee is bound as to his rights against insurer by an arbitration had in accordance with the terms of the policy even though it was made without notice to him.

**6. Contracts § 8—**

The courts must construe a contract in accordance with the language of the agreement, and cannot create contractual rights for the protection of those who have failed to protect themselves.

**7. Appeal and Error § 14: Judgments § 20a—**

After appeal from final judgment the trial court is without authority to hear a motion in the cause, even during the term.

**8. Trial § 47—**

The trial court has no authority to hear a motion for a new trial for newly discovered evidence after the expiration of the term.

**9. Courts § 6—**

A term of court ends when the trial judge finally leaves the bench, even though he does so before the expiration of the statutory term without formally adjourning the term.

**10. Trial § 47—**

A new trial for newly discovered evidence cannot be granted for evidence which is not competent, material or relevant under the pleadings.

FIRST APPEAL by plaintiffs from *Rudisill, J.,* at August Term, 1950, of the Superior Court of POLK County, and second appeal by plaintiffs from *Rudisill, J.,* at Chambers in Rutherfordton, North Carolina, on 27 September, 1950.

Civil action by the mortgagor and mortgagee of an automobile against an insurance company to recover upon a policy of fire insurance covering the automobile and containing a mortgage clause making the proceeds of the policy payable to the mortgagee as his interest might appear.

The matters set out in the next three paragraphs are not in dispute.

The defendant, Fidelity-Phenix Fire Insurance Company, issued a policy of insurance to protect the plaintiff Jack Gosnell against the loss of his automobile by fire. Gosnell had mortgaged the automobile to the plaintiff J. T. Green to secure an indebtedness of $650.00, and a mortgage clause was incorporated in the policy making any loss covered by it payable to Gosnell, the insured, and Green, the mortgagee, as their interest might appear.

The policy limited the insurance company's liability for the total loss of the automobile to its actual cash value at the time of the loss less the sum of $50.00, and provided that the amount of the loss should be determined by the insured and the insurance company in case they could agree as to it. The policy contained the following appraisal or arbitration clause: "If the insured and the company fail to agree as to the amount of loss, each shall, on the written demand of either, made within sixty days after receipt of proof of loss by the company, select a competent and disinterested appraiser, and the appraisal shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire, and failing for fifteen days to agree upon such umpire, then, on the request of the insured or the company, such umpire shall be selected by a judge of a court of record in the county and state in which such appraisal is pending. The appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss, and the amount of loss, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss."

The automobile was wholly destroyed by fire during the life of the policy. The insurance company conceded its liability in the premises, but a dispute arose between it and Gosnell, the insured, as to the amount of the loss sustained. As a consequence, an appraisal of the amount of the loss was made in writing by two appraisers appointed by Gosnell and the insurance company, and an umpire chosen by the two appraisers. Their written award stated that the automobile had an actual value of $365.00 at the time of its destruction, and fixed the amount of the loss at $315.00. The insurance company admitted liability for the last men-

tioned sum, and offered to pay the same to Gosnell and Green jointly. They refused the tender, and brought this action.

When properly construed, their joint complaint discloses the uncontroverted matters set out above. It alleges additionally that the loss sustained by plaintiffs on account of the burning of the insured automobile amounted to $850.00, and prays judgment against the defendant for that sum. The complaint expressly avers that plaintiffs are not bound by the award of the appraisers because it was made without the knowledge or consent of the plaintiff Green, whose mortgage debt is still unpaid. The complaint does not contain sufficient allegations to impeach the award for fraud or collusion, or for disqualification of the appraisers.

The answer asserts that the appraisal is binding on both plaintiffs, and tenders judgment to the plaintiffs accordingly.

The defendant moved at the trial for judgment on the pleadings conforming to its tender. The court concluded that the award of the appraisers bound both plaintiffs, sustained the motion of the defendant, and entered a final judgment on the pleadings limiting the recovery of the plaintiffs upon the policy to the amount of the award, *i.e.,* $315.00.

The plaintiffs excepted to the judgment and appealed from it in open court to the Supreme Court. Judge Rudisill thereupon signed an order settling "the pleadings and judgment . . . as the case on appeal," and took his final departure from the county without formally adjourning the term.

Thereafter, to wit, on the last day of the term as fixed by statute, the plaintiffs filed a verified motion in the cause without withdrawing their prior appeal from the judgment on the pleadings. They alleged in their motion that subsequent to the rendition of the judgment they discovered that the appraisers had made the award without giving them notice and an opportunity to be heard as to the matter submitted, and moved for vacation of the judgment and a new trial on that ground. Judge Rudisill heard this motion out of the county and out of the term, and signed an order denying it. The plaintiffs noted a second appeal to the Supreme Court from this order.

*W. Y. Wilkins, Jr., for plaintiffs, appellants.*
*M. R. McCown and J. Lee Lavender for defendant, appellee.*

ERVIN, J. The first appeal raises these questions:

1. Is the plaintiff Gosnell, the insured and mortgagor, bound by the award of the appraisers?

2. Is the plaintiff Green, the mortgagee, bound by it?

In deciding these questions, we must assume that the allegations of fact in the complaint are true. This is so because the judgment was

entered on the pleadings pursuant to the motion of the defendant. *Raleigh v. Fisher,* 232 N.C. 629, 61 S.E. 2d 897.

The complaint alleges these things concerning the award: That Gosnell, the insured and mortgagor, and the insurance company were not able to agree upon the amount of the loss; that they submitted their differences in this respect to appraisal or arbitration; that an appraisal or arbitration proceeding was had; that the appraisers made an award in writing fixing the amount of the loss; and that the appraisal or arbitration proceeding was had without the knowledge or consent of Green, the mortgagee. There is no allegation of any fraud or collusion.

Inasmuch as the complaint confesses that the plaintiff Gosnell was a party to the appraisal or arbitration proceeding, the award of the appraisers is presumed to be valid as to him, and the judgment on the pleadings must be upheld as to him unless it can be said that the complaint discloses circumstances entitling him to have the award set aside. *Young v. Insurance Co.,* 207 N.C. 188, 176 S.E. 271; *Farmer v. Wilson,* 202 N.C. 775, 164 S.E. 356; *Hemphill v. Gaither,* 180 N.C. 604, 105 S.E. 183.

The only circumstance urged by the complaint for the impeachment of the award is that it was made in an appraisal or arbitration proceeding had between Gosnell and the insurance company without the knowledge or consent of Green. Gosnell cannot attack the award on this ground. His attempt to do so offends the plain principle of justice embodied in the ancient maxim *nemo contra factum suum venire potest,* meaning nobody can come in against his own deed.

This brings us to the question whether Green, the mortgagee, is bound by the appraisal or arbitration proceeding had between Gosnell, the mortgagor, and the insurance company without his knowledge or consent. The answer to this question is to be found in the language employed by the parties to express their agreement.

Clauses are frequently inserted in property insurance policies to protect a mortgagee's interest against loss from the causes insured against. These clauses are mainly of two kinds, to wit: (1) The standard or union mortgage clause, which stipulates, in substance, that the interest of the mortgagee in the proceeds of the policy shall not be invalidated by any act or neglect of the mortgagor; and (2) the open or simple loss-payable clause, which merely provides that the loss, if any, shall be payable to the mortgagee, as his interest may appear. 29 Am. Jur., Insurance, sections 552, 553.

It is the accepted position in North Carolina and most other states that when the standard or union mortgage clause is attached to or inserted in a policy insuring property against loss, it operates as a distinct and independent contract between the insurance company and the mortgagee,

effecting a separate insurance of the mortgage interest. *Stockton v. Insurance Co.,* 207 N.C. 43, 175 S.E. 695; *Mahler v. Insurance Co.,* 205 N.C. 692, 172 S.E. 204; *Bennett v. Insurance Co.,* 198 N.C. 174, 151 S.E. 98, 72 A.L.R. 275; *Bank v. Bank,* 197 N.C. 68, 147 S.E. 691; *Bank v. Assurance Co.,* 188 N.C. 747, 125 S.E. 631; *Bank v. Ins. Co.,* 187 N.C. 97, 121 S.E. 37; Annotation: 124 A.L.R. 1034. Under this interpretation, a mortgagee entitled to share in the proceeds of an insurance policy under a standard or union mortgage clause is not bound by an adjustment of the loss, whether by arbitration or agreement, made by the insurance company and the mortgagor without his knowledge or consent. *Reeder v. Twin City F. Ins. Co.,* 5 F. Supp. 805; *Scottish Union & Nat. Ins. Co. v. Field,* 18 Colo. App. 68, 70 P. 149; *Collinsville Sav. Soc. v. Boston Ins. Co.,* 77 Conn. 676, 60 A. 647, 69 L.R.A. 924; *Hartford F. Ins. Co. v. Olcott,* 97 Ill. 459; *McDowell v. St. Paul F. & M. Ins. Co.,* 207 N.Y. 482, 101 N.E. 457; *Beaver Falls Bldg. & L. Asso. v. Allemania F. Ins. Co.,* 305 Pa. 290, 157 A. 616; *Superior F. Ins. Co. v. Leal* (Tex. Civ. App.), 73 S.W. 2d 584.

These authorities are not decisive of the present controversy, however, for the plaintiff Green claims under an open or simple loss-payable clause. Diligent research fails to reveal any North Carolina case passing upon the precise question whether a mortgagee protected by such clause is bound by an appraisal or arbitration proceeding between the mortgagor and the insurance company, where he is afforded no opportunity to participate in the proceeding. The decisions in other states are in irreconcilable conflict. Annotations: 111 A.L.R. 697; 38 A.L.R. 383; 25 L.R.A. (N.S.) 741; 19 L.R.A. 321; 18 Ann. Cas. 271.

Nevertheless, the cases in this State and the better considered cases elsewhere construing the open or simple loss-payable clause point unerringly to the conclusion which must be reached if due heed is accorded to the language employed by the parties to express their agreement. These cases hold that when an open or simple loss-payable clause is attached to or inserted in a policy insuring property against loss, it does not create a new or original contract between the insurance company and the mortgagee effecting a separate insurance of the mortgage interest, or abrogate the provisions of the policy placing the insurance on the property of the mortgagor as owner. Such clause merely makes the mortgagee an appointee of the insurance fund, entitling him to receive so much of any sum that may become due to the mortgagor under the policy as does not exceed his interest as mortgagee, and nothing more. The rights of the mortgagee under the clause are wholly derivative, and cannot exceed those of the mortgagor. *Welch v. Insurance Co.,* 196 N.C. 546, 146 S.E. 216; *Roper v. Insurance Cos.,* 161 N.C. 151, 76 S.E. 869; Annotation: 124 A.L.R. 1034.

Since the rights of the mortgagee under the open or simple loss-payable clause are dependent entirely upon those of the mortgagor, it necessarily follows that a mortgagee claiming under such clause is bound by an appraisal or arbitration had in good faith between the mortgagor and the insurance company, even though he was not a party to and had no notice of the proceeding.   This conclusion finds implicit support in *Everhart v. Insurance Co.,* 194 N.C. 494, 140 S.E. 78, where it is expressly held that a mortgagee claiming under an open or simple loss-payable clause is bound by an agreement between the mortgagor and the insurance company fixing the amount of the loss, even though he was not a party to the agreement.   Moreover, our conclusion has explicit support in well considered cases in other jurisdictions.   See *Collinsville Sav. Soc. v. Boston Ins. Co., supra,* and *Chandos v. American F. Ins. Co.,* 84 Wis. 184, 54 N.W. 390, 19 L.R.A. 321.

We are not compelled, however, to rest our decision solely upon this line of reasoning or upon these authorities.   The policy named Gosnell, the mortgagor, as the insured, and provided in specific terms that the amount of any loss should be determined by appraisers appointed by the insured and the insurance company in the event they should fail to agree upon the amount of the loss.   The complaint shows that the amount of the loss has been established by an award of appraisers selected by the very persons designated for that purpose by the policy itself.   As there was no suggestion in any portion of the policy that any mortgagee was to be notified of any appraisal or arbitration proceeding, the award of the appraisers is necessarily binding upon Green, although it was made without notice to him.   *Deruy Motor Co. v. Insurance Co. of N. A.,* 146 Kan. 233, 69 P. 2d 677, 111 A.L.R. 692; *Officer v. American Eagle Fire Ins. Co.,* 175 La. 581, 143 So. 500; *Dragon v. Automobile Ins. Co.,* 265 Mass. 440, 164 N.E. 383; *Orenstein v. New Jersey Ins. Co.,* 131 S.C. 500, 127 S.E. 570.

The plaintiff Green argues with much eloquence that he ought to have the right to participate in the adjustment of the loss for his own protection.   The answer to this argument is simply this: It is otherwise "nominated in the bond."   The law cannot create contract rights and relations for the protection of men who have failed to protect themselves.

In considering the second appeal, we by-pass without discussion or decision the intriguing, but somewhat disconcerting, problem of whether a motion for vacation of a judgment and a new trial for newly discovered evidence will lie at all in a case where the judgment was rendered upon the pleadings and no evidence whatever was introduced.   Be that as it may, the plaintiffs cannot be heard to complain of the refusal of Judge Rudisill to grant their motion.   If he had ruled thereon in their favor, his ruling would have been without legal force, for their prior appeal

from the judgment on the pleadings had taken the case out of the jurisdiction of the Superior Court. *Bailey v. McPherson, ante,* 231; *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377; *Lawrence v. Lawrence,* 226 N.C. 221, 37 S.E. 2d 496. Even apart from these considerations, Judge Rudisill had no power on the present record to grant the motion of the plaintiffs to vacate the judgment for newly discovered evidence after the expiration of the term in which the judgment was rendered. *Crow v. McCullen,* 220 N.C. 306, 17 S.E. 2d 107. That term ended when Judge Rudisill finally left the bench. McIntosh: North Carolina Practice and Procedure in Civil Cases, section 42. Moreover, Judge Rudisill could not have sustained the plaintiffs' motion even if he had had jurisdiction to entertain it. The plaintiffs did not bring themselves within the rules permitting courts to vacate judgments and grant new trials for newly discovered evidence. *Ibid.,* section 611. The alleged newly discovered evidence was not competent, material, or relevant under the pleadings. Indeed, it was not even newly discovered, for it was necessarily known to the plaintiffs when the action was brought and the judgment rendered. 49 C.J.S., Judgments, section 273.

For the reasons given, the judgment on the pleadings is
Affirmed.