**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff,**

v.

**Lee FOLGER, Defendant.**

**No. 86–96–CIV–4.**

United States District Court,
E.D. North Carolina,
New Bern Division.

Jan. 25, 1988.

Joseph W. Yates, III, Beth R. Fleishman, Raleigh, N.C., for plaintiff.

D. Michael Strickland, Gaylord, Singleton, McNally, Strickland & Snyder, Greenville, N.C., for defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

Plaintiff, State Farm Insurance, filed this action for declaratory relief, seeking to limit its liability to defendant, Lee Folger. Defendant counterclaimed in an attempt to force full payment by State Farm on the policy in issue. Both parties have filed summary judgment motions. The court is now prepared to rule on these motions.

## FACTUAL BACKGROUND

On September 13, 1985, a building located at 117 W. 10th Street in Greenville, North Carolina was damaged by fire. The building was owned by Ford McGowan, Sr. who purchased it from Lee Folger, the defendant. McGowan had executed a note in favor of Folger in the amount of $140,000. This note was secured by a purchase money deed of trust on the property. As further security, McGowan was required to insure the premises against fire damage. Pursuant to this requirement, McGowan contracted with plaintiff, State Farm, for $275,000 worth of property coverage, naming Folger as mortgagee. This mortgage in favor of Folger, however, was a second mortgage—junior in priority to the first mortgage. This policy went into effect on June 28, 1985.

Prior to June 28, 1985, McGowan and associates, doing business as Mid–Eastern Brokers, had acquired property insurance from Allstate in the amount of $270,000 and Southeastern Fire in the amount of $275,000. The Allstate policy lists North State Savings & Loan, which holds a first mortgage on the property, as mortgagee. All three policies were in effect at the time of the loss on September 13, 1985. The parties have stipulated that the value of the loss was $121,455.

The State Farm policy contains a "pro rata" clause in it which provides that "[t]his Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not." Plaintiff claims that this clause and the existence of the other two policies limit its liability to defendant to $40,687.

The State Farm policy also contains a "standard mortgage clause" which reads:

Loss to buildings shall be payable to the named mortgagee as interest may appear, under all present or future mortgages on the buildings described in the Declarations in order of precedence of mortgages on them. [T]his insurance shall not be affected by any of the following:

(a) any act or neglect of the mortgagor or owner of the described buildings.

Defendant contends that the existence of other insurance policies is an act of the mortgagor within the meaning of the standard mortgage clause. Consequently, and consistent with the clause, the existence of the policies cannot be used to trigger the pro rata clause of the Allstate policy and defendant should recover the total loss in value of the building.

## DISCUSSION

Subject matter jurisdiction in this case is premised on diversity of citizenship. Accordingly, the controversy will be governed by the law of the State of North Carolina. This specific complex factual situation has never been addressed in the courts of North Carolina. Existing North Carolina law, however, provides guidance in this area.

A longstanding North Carolina insurance rule is that the total amount of insurance payments made on a particular loss cannot exceed the value of the loss itself. N.C.G.S. §§ 58–158, 159. This is a rule that cannot be violated lest the insurance industry be turned into a lottery. In the present case there is a total of $820,000

worth of coverage on the damaged premises. The actual value of the loss, however, is only $121,455. Assuming all other conditions are met, the absolute maximum that will be paid by all insurance covering the property will be $121,455.

■ A second, and equally important rule of North Carolina law, is that a first mortgage has priority over a second mortgage. While this appears to be obvious, its significance in the present case cannot be underestimated. Folger's mortgage is junior in priority to that of North State Savings & Loan. This court cannot blindly order the full payment of the loss to Folger without prejudicing the rights of the first mortgagee. Because there can only be a total payment of $121,455 on this loss, a full payment to Folger would prevent the first mortgagee from receiving anything on the Allstate policy. It is well settled that the mortgagee does have an insurable interest but this interest is only insurable to the extent of the debt owed to him. *Employers First Insurance v. British American Assurance*, 259 N.C. 485, 131 S.E.2d 36 (1963). Accordingly, Folger's interest is subordinate to the interest held by the first mortgagee.

■ A third factor that affects the decision today is the pro rata clause in the State Farm policy. State Farm contends that this clause limits its liability under the policy to $40,687. This figure represents State Farm's relative proportion of the coverage with the two other policies, multiplied by the total value of the loss. Defendant argues, however, that the standard mortgage clause of the policy invalidates that pro rata clause and that a full recovery for Folger of $121,455 is appropriate.

The standard mortgage clause is designed to protect the mortgagee from acts of the mortgagor that would invalidate the coverage and leave the mortgagee without security. Under the clause there is nothing a mortgagor can do that will diminish the mortgagee's right to receive under the policy. The clause creates an independent contract between the mortgagee and the insurer. *Bank v. Insurance Co.*, 187 N.C. 97, 121 S.E. 37 (1924). Any failure by the

mortgagor to live up to the terms of the contract will not stop the mortgagee from recovering. The mortgagee, however, must comply with the terms of the policy in order to recover. *Wells Fargo v. London Steam–Ship Insurance*, 408 F.Supp. 626, 629 (S.D.N.Y.1976). In the present case the pro rata clause is a conspicuous part of the State Farm policy. The pro rata clause, however, will only apply to policies that insure Folger's interest. Because the Allstate and Southeastern Fire policy do not mention Folger as a beneficiary, and Folger has not consented to the policies, they cannot be counted in any pro rata computation. *Bennett v. Insurance Co.*, 198 N.C. 174, 151 S.E. 98 (1930).

■ The acquisition of other insurance by the mortgagor is the sort of activity that the standard mortgage clause seeks to protect the mortgagee from. Courts that have addressed this problem have uniformly protected the mortgagee from other insurance and the pro rata clause. The analysis of the New York Court of Appeals is most revealing on this issue:

The act of obtaining this additional insurance was the act of the owner, and it was unknown to the mortgagee, and of course not consented to by him. The additional insurance could by no possibility benefit him, as it was not upon any interest of his in the property. He could not, therefore, resort to any of these additional policies for his indemnity. It is not a case of contribution in any sense, but simply one, on the insurers' theory, of diminution of their liability, caused by the act of the owner and unknown, and with no possible corresponding benefit to the mortgagee. *As a general principle, it is settled that, before this apportionment of the loss between different companies can be demanded, the different companies must have been upon the same interest in the same property or some part thereof.*

*Goodman v. Quaker City Insurance*, 254 F.2d 844, 846 (1st Cir.1958) *quoting Eddy v. London Assurance Corporation*, 143 N.Y. 311, 38 N.C. 307 (1894) (emphasis added). That *Eddy* is the law in North Car-

olina is a proposition that cannot be controverted. *See Bank v. Insurance Company, supra* 187 N.C. at 105, 121 S.E. 37; *Bennett, supra* 198 N.C. at 176, 151 S.E. 98.

If the Allstate and Southeastern Fire coverage were relied upon and a pro rata amount was thereby computed, the mortgagee Folger, would be subject to substantial uncertainty. His interest as a mortgagee, an interest obtained for the purpose of security on a loan, would always be open to dilution. The mortgagor or owner could surreptitiously purchase more insurance, naming himself or any other beneficiary, all to the detriment of the mortgagee's interest. This result would be unacceptable. The fact that the mortgagor had purchased other insurance *before* Folger's mortgage was executed and insurance bought is immaterial in this case. The standard mortgage clause has been construed to protect the mortgagee from subsequent *and* prior acts by the mortgagor. *Bank v. Insurance Co., supra* 187 N.C. at 102, 121 S.E. 37; *Mahler v. Insurance Co.,* 205 N.C. 692, 698, 172 S.E. 204 (1934); *Stockton v. Insurance Co.,* 207 N.C. 43, 45, 175 S.E. 695 (1934). This result is strongly supported by the fact that Folger was unaware of the other insurance.

It is well settled that the standard mortgage clause creates a "new" and independent insurance contract between the insurer and mortgagee. *Bank v. Insurance Company, supra* 187 N.C. at 102, 121 S.E. 37. The existence of the new policy creates obligations on the part of the mortgagee. Indeed, the pro rata clause will apply to the mortgagee to the extent that other insurance on his interest in the property is insured. In the present case, the State Farm policy is the only policy that covers his interest.

For the foregoing reasons, the court grants partial summary judgment to defendant Folger. The uncontroverted material facts at this stage of the case are inadequate to determine whether Folger may recover up to the full amount of the loss. Folger's recovery must be limited to the extent of his interest, as a second mortgagee, in the property. North Carolina law requires that mortgagees be paid off in the order of their priority. N.C.G.S. § 58–160. This provision only applies to situations in which more than one mortgagee is named on the same policy. Normally, a second mortgagee would not have to prove the amount of the first mortgage in order to recover under the policy if the first mortgagee was not insured. *Jeffreys v. Insurance Co.,* 202 N.C. 368, 372, 162 S.E. 761 (1932). In the present case, however, where the first mortgagee is covered by a separate insurance policy, the second mortgagee must prove the amount of the first mortgagee's interest in order for the court to prevent total insurance payments from exceeding the value of the loss.

This issue remains for subsequent disposition in the case when properly brought forward by the parties.