NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff-Appellant v. JAMES DEMPSEY and REGIONAL ACCEPTANCE CORPORATION, Defendant-Appellees

No. COA97-159

(Filed 17 February 1998)

**1. Insurance § 474 (NCI4th)— automobile destroyed by fire— interest of loss payee—exclusion for conversion or secretion**

The trial court properly granted summary judgment for defendant Regional Acceptance Corporation in a declaratory judgment action to determine plaintiff insurer's liability where plaintiff alleged that Regional held a security interest in the vehicle, that Regional was named as the loss payee on plaintiff's policy, that the insured owner deliberately set the vehicle on fire, and that the intentional burning of the truck constituted a conversion or secretion excluded under the coverage provided to Regional. The policy language "insurance covering the interest of the loss payee shall become invalid only because of your conversion or secretion of your covered auto" extends greater coverage to the loss payee than the insured and is a standard or union mortgage clause.

**2. Insurance § 474 (NCI4th)— automobile—deliberately burned—loss payee—plain language of policy—exclusion for secretion or conversion—not applicable**

The trial court properly determined that plaintiff-Nationwide is liable to the loss payee (Regional Acceptance Corporation) where the insured owner deliberately burned the vehicle. The plain language of the policy issued by plaintiff to the owner established that the auto must be converted or secreted to invalidate

the loss payee's interest and the insured's automobile was destroyed by fire. Destruction does not fall within the strictly interpreted definitions of conversion and secretion.

Appeal by plaintiff from order entered 22 November 1996 by Judge Henry V. Barnette, Jr., in Wake County Superior Court. Heard in the Court of Appeals 17 November 1997.

*Yates, McLamb & Weyher, L.L.P., by R. Scott Brown, O. Craig Tierney, Jr., and Michael W. Washburn, for plaintiff-appellant.*

*Colombo, Kitchin, Johnson, Dunn & Hill, LLP, by William F. Hill and Micah D. Ball, for defendant-appellee.*

McGEE, Judge.

Nationwide filed a declaratory judgment action on 21 July 1995 to determine its liability to James Dempsey, the insured owner of a 1988 Chevrolet pickup truck destroyed by fire, and to Regional Acceptance Corporation (Regional), which held a properly perfected security interest in the vehicle and was named as the "loss payee" on Nationwide's automobile policy. In its declaratory judgment action, Nationwide alleged that it was not obligated to Dempsey for any insurance proceeds because he intentionally set the truck on fire. Nationwide further alleged that it owed nothing to Regional under the loss payable clause attached to the insurance policy because the intentional burning of the truck constituted a "conversion or secretion" of the covered vehicle which is excluded under the coverage provided to Regional under the loss payable clause. James Dempsey did not file an answer and an entry of default was made by the Clerk of Court on 19 April 1996. Both Nationwide and Regional filed motions for summary judgment. After conducting a hearing, the trial court granted summary judgment in favor of Regional and denied summary judgment for Nationwide in an order entered 22 November 1996. Nationwide appeals from this order.

This appeal involves the interpretation of the language contained in the loss payable clause which provides:

Loss or damage under this policy shall be paid as interest may appear to you and the loss payee shown in the Declarations. This insurance covering the interest of the loss payee shall become invalid only because of your conversion or secretion of your covered auto. However, we reserve the right to cancel the policy as

permitted by policy terms and the cancellation shall terminate this agreement as to the loss payee's interest. We will give the loss payee 10 days notice of cancellation.

The issues are: (1) whether the loss payable clause contained in the insurance contract is a standard mortgage clause insuring the mortgagee's interest in the vehicle from intentional destruction by the insured, and (2) whether the exclusion under the clause applies to bar Regional's claim against Nationwide under the policy.

[1] Provisions in insurance contracts excluding coverage "are not favored and will be construed against the insurer if ambiguous." *N.C. Farm Bureau Mut. Ins. Co. v. Briley*, 127 N.C. App. 442, 446, 491 S.E.2d 656, 658 (1997) (citing *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986)). Thus, "the burden is on the insurance company to set forth clearly and unambiguously" definitions "that eliminate[] guesswork on the part of its insured." *Id.* In the absence of such express definitions of terms in contracts of insurance, they should be interpreted according to their daily usage. *N.C. Farm Bureau Mut. Ins. Co.*, 127 N.C. App. at 448, 491 S.E.2d at 660 (quoting *Insurance Co. v. Insurance. Co.*, 266 N.C. 430, 438, 146 S.E.2d 410, 416 (1966)). Thus, "standard, nonlegal dictionaries may be a more reliable guide to the construction of an insurance contract than definitions found in law dictionaries." *Id.* at 448-49, 491 S.E.2d at 660.

There are two types of mortgagee clauses. *Green v. Insurance Co.*, 233 N.C. 321, 325, 64 S.E.2d 162, 165 (1951). The first, typically referred to as a "standard or union mortgage clause," stipulates that "the interest of the mortgagee in the proceeds of the policy shall not be invalidated by any act or neglect of the mortgagor." *Id.* This type of clause acts as a distinct and independent contract between the insurance company and the mortgagee and "confer[s] greater coverage to the lienholder than the insured has in the underlying policy." *Foremost Ins. Co. v. Allstate Ins. Co.*, 486 N.W.2d 600, 605 fn. 27 (Mich. 1992).

The second type of mortgagee clause is the "open or simple loss-payable clause, which merely provides that the loss, if any, shall be payable to the mortgagee, as his interest may appear." *Green*, 233 N.C. at 325, 64 S.E.2d at 165. In other words, the "rights of the mortgagee under [this type of] clause are wholly derivative, and cannot exceed those of the [insured]." *Id.* at 326, 64 S.E.2d at 166.

Nationwide argues that the loss payable clause in this insurance contract is an open loss payable clause. We disagree. The clause stated that the "insurance covering the interest of the loss payee shall become invalid only because of your conversion or secretion of your covered auto." This language clearly extends to the loss payee greater coverage than that extended to Dempsey as it sets out only two instances when the loss payee's insurance coverage will become invalid. For this reason, we hold that the clause is a standard mortgage clause. Other jurisdictions have interpreted similar language used in a loss payable clause as creating a standard mortgage clause. For example, in *Pittsburgh Natl. Bank v. Motorists Mut.*, 621 N.E.2d 875, 876 (Ohio Ct. App. 1993), the Ohio Court of Appeals held that the following loss payable clause constituted a standard mortgage clause:

> LOSS PAYABLE CLAUSE. Loss or damage under this policy shall be paid, as interest may appear, to you and the loss payee [mortgagee] shown in the Declarations. This insurance covering the interest of the loss payee shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of your covered auto . . . .

In *Pittsburgh Natl. Bank*, the car owner intentionally destroyed the insured vehicle. In holding that the clause constituted a "standard mortgage clause" the court distinguished between language in a clause which provides that the coverage for the mortgagee will not be invalidated by any act or neglect of the insured from language in a loss payable clause stating that the proceeds of the policy shall be paid to the mortgagee as his interest may appear.

[2] The next question is whether the conditions of the exclusion have been met. The plain language establishes that the auto must either be converted or secreted to invalidate the loss payee's interest. "Convert" is defined by The American Heritage Dictionary Second College Edition (1991) as "[t]o change from one use, function, or purpose to another; adapt to a new or different purpose." This same dictionary defines "secrete" as "[t]o conceal in a hiding place." In this case, the auto was not changed from one purpose to another, nor was it concealed in a hiding place; rather, it was destroyed by fire. Destruction differs from both secretion and conversion in that it is permanent and the loss payee is left without remedy to recover its loss. Moreover, the rules of construction of insurance contracts

require that ambiguities be interpreted in favor of the insured and that exclusions be strictly interpreted. *N.C. Farm Bureau Mut. Ins. Co.*, 127 N.C. App. at 446, 491 S.E.2d at 658. Strictly interpreting the definitions of "conversion" and "secretion," we determine that destruction does not fall within either definition. Accordingly, we hold that the vehicle was not secreted or converted and the trial court properly determined that Nationwide is liable to Regional Acceptance Corporation under the loss payee clause.

Affirmed.

Chief Judge ARNOLD and GREENE concur.