MARK E. PATE, Plaintiff v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant

No. COA99-455

(Filed 7 March 2000)

**Appeal and Error— appealability—denial of summary judgment**

Plaintiff's appeal of the trial court's denial of his summary judgment motion is dismissed because it is an interlocutory order that is not reviewable since a final judgment has been rendered on the merits.

Appeal by plaintiff from an order entered 23 September 1997 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 January 2000.

*Law Offices of Michael J. Bednarik, P.A., by Michael J. Bednarik, for plaintiff-appellant.*

*Stiles Byrum & Horne, L.L.P., by Ned A. Stiles and Lane Matthews, for defendant-appellee.*

PATE v. STATE FARM FIRE & CAS. CO.

[136 N.C. App. 836 (2000]

HUNTER, Judge.

Mark E. Pate ("plaintiff") appeals from the trial court's denial of his summary judgment motion against State Farm Fire and Casualty Company ("defendant"). This is the only issue before this Court.

Briefly, the facts relevant to this appeal are as follows. Plaintiff sought to repossess a truck owned by defendant's insured, Shawn Brabham ("insured"), when the insured shot several bullets in the air and then on the ground, near plaintiff's feet. One of the bullets fired at the ground, ricocheted and hit plaintiff in the leg, injuring him. In filing the police report, plaintiff told the investigating officer that the insured shot "at him," and that after he was shot, the insured threatened that "the next one will be at your head." The insured was arrested, pled guilty to the criminal charges of (1) assault with a deadly weapon causing serious injury; and (2) communicating threats. Insured was sentenced to three years in prison.

Later, plaintiff filed suit in civil court against insured for personal injury. In his complaint, plaintiff alleged that insured only negligently shot him. Plaintiff did not name defendant as a party to the action, but he did notify defendant of the action pending against its insured. Defendant responded by letter stating that the act in question was not covered under its policy because: (1) plaintiff's injury was not the result of an accident or occurrence as defined by the policy; and (2) any injury sustained by plaintiff was expected or intended by insured. Therefore, defendant refused to defend insured since the incident was not covered by its policy.

Because insured did not respond to plaintiff's complaint, plaintiff motioned the court for a default judgment against him. Plaintiff's motion was granted in the amount of $12,500.00. The trial judge specifically found that insured did not intend to injure plaintiff. Subsequently, plaintiff filed suit against defendant (the case at bar) to have defendant held liable for the default judgment rendered against its insured.

In his motion for summary judgment, plaintiff alleged that because he had gained a default judgment against defendant's insured, and because defendant had "without justification" chosen not to defend its insured in the prior proceeding, defendant had "breached its policy contract and [wa]s now estopped from denying coverage to the Plaintiff . . . ." Since denial of a summary judg-

ment motion is not appealable once the case has gone to trial, we must dismiss plaintiff's appeal because he has brought forward no appealable issues before this Court.

North Carolina law has long been clear on the issue of appealing a denied summary judgment motion after a case has been decided on the merits by the trier of fact:

> Improper denial of a motion for summary judgment is not reversible error when the case has proceeded to trial and has been determined on the merits by the trier of the facts, either judge or jury.

> The denial of a motion for summary judgment is an interlocutory order and is not appealable. . . . To grant a review of the denial of the summary judgment motion after a final judgment on the merits . . . would mean that a party who prevailed at trial after a complete presentation of evidence by both sides with cross-examination could be deprived of a favorable verdict. This would allow a verdict reached after the presentation of all the evidence to be overcome by a limited forecast of the evidence. . . . [Therefore], we hold that the denial of a motion for summary judgment is not reviewable during appeal from a final judgment rendered in a trial on the merits.

*Harris v. Walden*, 314 N.C. 284, 286, 333 S.E.2d 254, 256 (1985) (citation omitted).

The case at bar went to trial and a properly impaneled jury returned a verdict for defendant. In his brief, plaintiff argues issues of negligence versus intent, policy coverage and defendant's duty to defend the insured in the prior proceeding. However, plaintiff did not preserve the right to argue these issues on appeal where he neither moved the trial court for a directed verdict or judgment notwithstanding the verdict, nor did he give notice of appeal from the jury verdict. N.C.R. App. P. 10(a).

We agree with Judge Sydnor Thompson, formerly of this Court, that "[t]he denial of a motion for summary judgment is not reviewable during appeal [once] a final judgment [has been] rendered in a trial on the merits. Since there was a trial and final judgment in this case, the issue is not before us." *Raintree Homeowners Assn. v. Bleimann*, 116 N.C. App. 561, 564-65, 449 S.E.2d 13, 16 (1994). With no other issue before this Court, we must dismiss plaintiff's appeal.

Dismissed.

Judges JOHN and McGEE concur.