CHRYSLER FINANCIAL COMPANY, LLC, Plaintiff v. SOUTH CAROLINA INSURANCE COMPANY, JIMMY JOHNSON and MARY JOHNSON, Defendants

No. COA02-1079

(Filed 17 June 2003)

**1. Insurance— automobile—finance company as loss payee— standard mortgage clause—misrepresentations by purchaser**

Alleged misrepresentations by the insured did not entitle defendant auto insurer to cancel the policy as to the loss payee, and summary judgment was incorrectly granted for defendant, where the loss payee (plaintiff) was the company which financed the purchase of an automobile that was declared a total loss after a collision; the loss payee clause provided that it would become invalid only for insured's conversion or secretion of the covered auto or damage to or destruction of the covered auto with intent to commit fraud; the loss payee clause was thus a standard mortgage clause which created a distinct and independent contract between the insurer and the loss payee and conferred greater coverage to the loss payee than to the insured; and no exceptions to the loss payee clause applied to the insured's alleged misrepresentations. Furthermore, even though defendant insurer notified the insured that it was declaring the policy void ab initio for misrepresentations, the record does not indicate that defendant gave notice to plaintiff loss payee as the policy required, and plaintiff was not a party to the agreement which contained the void ab initio language in the fine print.

**2. Appeal and Error— appealability—denial of summary judgment—interlocutory order**

The denial of summary judgment for plaintiff in an insurance dispute was an interlocutory order and not immediately appealable where there was neither a certification nor a

substantial right affected. That portion of the appeal was dismissed.

Appeal by plaintiff from orders entered 17 September 2001 by Judge Richard D. Boner in Mecklenburg County Superior Court and 14 June 2002 by Judge Gentry Caudill in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 May 2003.

*Waggoner, Hamrick, Hasty, Monteith & Kratt, PLLC, by S. Dean Hamrick, for plaintiff-appellant.*

*Baucom, Claytor, Benton, Morgan & Wood, P.A., by James F. Wood, III, for defendant.*

TYSON, Judge:

Chrysler Financial Corporation ("plaintiff") appeals from an interlocutory order denying summary judgment against South Carolina Insurance Company ("defendant") and from order granting summary judgment for defendant. We reverse the order granting summary judgment against plaintiff and dismiss the appeal from the interlocutory order.

## I. Background

On 30 March 1998, Jimmy and Mary Johnson executed a retail installment contract in favor of plaintiff secured by a 1998 Chrysler Sebring Coupe ("vehicle") as collateral. On 29 September 1999, defendant issued an automobile insurance policy ("policy") to Jimmy Johnson covering the vehicle. The policy named plaintiff as "loss payee."

The loss payee portion of the policy read as follows.

Loss or damage under this policy shall be paid as interest may appear to you and the loss payee shown in the Declarations or in this endorsement. This insurance covering the interest of the loss payee shall become invalid only because of your:

1. conversion or secretion of "your covered auto", or

2. damage to or destruction of "your covered auto" with the intent to commit fraud.

However, we reserve the right to cancel the policy as permitted by policy terms and the cancellation shall terminate this agree-

CHRYSLER FIN. CO., LLC v. S.C. INS. CO.

[158 N.C. App. 513 (2003)]

ment as to the loss payee's interest. We will give the loss payee 10 days notice of cancellation.

When we pay the loss payee we shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.

On 24 October 1999, the vehicle suffered damage during a collision in Pennsylvania. Defendant received notice of the collision and investigated the accident. The fair market value of the car was estimated to be $18,225.00. It was declared a total loss. After the initial investigation, defendant determined that the Johnsons had made misrepresentations in their application for insurance. By letter dated 4 January 2000, defendant denied coverage for the loss of the vehicle.

Neither the Johnsons nor defendant advised plaintiff of the damage to the vehicle. After the collision, the Johnsons failed to make payments to plaintiff, and plaintiff learned of the damage to the vehicle. On 9 October 2000, plaintiff sent a demand letter to defendant for the payment due pursuant to the terms of the loss payable clause of the policy. On 16 October 2000, defendant replied to plaintiff's letter and contended that no coverage was available to plaintiff as loss payee, due to the misrepresentations made by the Johnsons in their application.

On 26 January 2001, plaintiff filed a complaint against defendant to recover for damages to the vehicle and against the Johnsons to recover the balance due on the retail installment contract. Defendant and the Johnsons filed answers and cross claims against each other. On 2 April 2001, plaintiff filed a motion for summary judgment against defendant and the Johnsons. On 12 September 2001, the trial court granted summary judgment against the Johnsons for $18,708.98 plus interest accrued from 11 December 2000. On 17 September 2001, the trial court denied plaintiff's motion for summary judgment against defendant. On 14 June 2002, the trial court granted defendant's motion for summary judgment dismissing the claims of the Johnsons and plaintiff. Plaintiff appeals.

## II. Issues

The issues are (1) whether the Johnsons' misrepresentations to defendant in their insurance application voided the protection afforded plaintiff in the loss payee clause and (2) whether the trial court erred in denying summary judgment in favor of the plaintiff against defendant.

### III. Effect of Johnsons' Misrepresentations

**[1]** The trial court granted defendant's motion for summary judgment on the grounds: (1) that the Johnsons' misrepresentations voided the policy *ab initio*, and (2) that plaintiff held no interest as loss payee in a voided policy. The trial court relied upon the case of *Odum v. Nationwide Mutual Ins. Co.*, 101 N.C. App. 627, 401 S.E.2d 87, *disc. review denied*, 329 N.C. 499, 407 S.E.2d 539 (1991). *Odum* held that fraud was a defense to any amount of coverage in excess of the statutory minimum required for motor vehicle liability coverage. *Id.* at 635-36, 401 S.E.2d at 92.

*Odum* involved a liability coverage dispute. Here, the interpretation of a loss payee clause and the impact of the insured's fraud on the rights of the loss payee are at issue.

We hold that the more recent and factually similar case of *Nationwide Mutual Ins. Co. v. Dempsey*, 128 N.C. App. 641, 495 S.E.2d 914, *disc. review denied*, 348 N.C. 283, 502 S.E.2d 847 (1998) controls. In *Dempsey*, Regional Acceptance Corporation held a perfected security interest in the insured's vehicle and was named as the "loss payee" in insured's insurance contract. *Dempsey*, 128 N.C. App. at 642, 495 S.E.2d at 915. The loss payee clause was virtually identical to that at bar. *Id.* This Court found that clause to be a "standard mortgage clause" rather than an "open or simple loss-payable clause." *Id.* at 644, 495 S.E.2d at 916.

> The clause stated that the "insurance covering the interest of the loss payee shall become invalid only because of your conversion or secretion of your covered auto." This language clearly extends to the loss payee greater coverage than that extended to Dempsey as it sets out only two instances when the loss payee's insurance coverage will become invalid. For this reason, we hold that the clause is a standard mortgage clause.

*Id.*

Although the loss payee clause at bar extends an exception to "damage to or destruction of 'your covered auto' with the intent to commit fraud," we find the rationale of *Dempsey* applicable. The clause is a standard mortgage clause which exists as a "distinct and independent contract between the insurance company and the mortgagee and 'confers greater coverage to the lienholder than the insured has in the underlying policy.'" *Id.* at 643, 495 S.E.2d at 915

CHRYSLER FIN. CO., LLC v. S.C. INS. CO.

[158 N.C. App. 513 (2003)]

(quoting *Foremost Ins. Co. v. Allstate Ins. Co.*, 486 N.W.2d 600, 605 fn. 27 (Mich. 1992)). Plaintiff's rights are not derivative of the Johnsons' interest.

The trial court did not interpret whether the Johnsons' alleged misrepresentations constituted one of the exceptions outlined in the loss payee clause. We hold that the Johnsons' behavior does not constitute an exception to payment for the loss payee.

Aside from the exceptions, the loss payee clause sets forth a notice requirement for cancellation. Defendant was required to give the Johnsons and the loss payee ten days notice of the impending cancellation for the collision insurance at issue. The record does not indicate when or if defendant gave notice of its cancellation to plaintiff. Defendant notified the Johnsons of the cancellation by letter of 4 January 2000 in which it denied coverage and cancelled the policy. The letter declared the coverage "cancelled" from the inception date. To allow defendant to cancel the policy from the inception defeats the purpose of the notice provisions outlined in the policy.

Defendant relies upon fine print language in the application for insurance signed by Mr. Johnson which states defendant can declare the policy void *ab initio* if any of the answers on the application are false or misleading. Plaintiff was not a party to this agreement, and there is no indication, other than its financing of the vehicle, that it consented to it. "The well established and universal rule is that insurance contracts will be liberally construed in favor of the insured and strictly construed against the insurer, since the insurance company selected the language used in the policy." *Mazza v. Medical Mut. Ins. Co.*, 311 N.C. 621, 631, 319 S.E.2d 217, 223 (1984). The insurance policy was issued after the application and set out certain conditions for cancellation that cannot be circumvented by the prior application with respect to the loss payee. The summary judgment award in favor of defendant is reversed.

## IV. Plaintiff's Summary Judgment Motion

[2] Plaintiff attempts to appeal from the denial of its summary judgment motion. The denial of a summary judgment motion is an interlocutory order. *Pate v. State Farm Fire and Casualty Company*, 136 N.C. App. 836, 838, 526 S.E.2d 497, 498 (2000). Interlocutory orders are not appealable to this Court absent certification by the trial court or an issue affecting a substantial right. *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 246, 507 S.E.2d 56, 60 (1998).

We find neither a substantial right affected nor a certification at bar. This portion of the appeal is dismissed as interlocutory.

Reversed and Remanded.

Judges McGEE and CALABRIA concur.