EULA P. STREET, Plaintiff v. BASIL W. STREET, Defendant

No. COA07-1452

(Filed 5 August 2008)

**1. Appeal and Error— appealability—denial of summary judgment—final judgment on merits**

Plaintiff's arguments in a divorce case regarding the order denying her claim for summary judgment were not considered because the Court cannot consider an appeal of the denial of a

summary judgment motion once a final judgment on the merits has been made.

**2. Divorce— equitable distribution—property contract— affirmative defense catchall provision**

The trial court erred in a divorce case by disregarding a property contract on the basis that it must have been pled as an affirmative defense under the catchall provision in N.C.G.S. § 8C-1, Rule 8(c) because: (1) the contract governing property is not an affirmative defense, but instead was a piece of evidence to be considered in settling the action for equitable distribution; (2) no counterclaim was brought by defendant to which an affirmative defense would need to be made; (3) it would not have been appropriate for plaintiff to specifically plead an affirmative defense when defendant neither disputed the property contract nor brought any new claim of his own; and (4) the trial court cited to neither statutory nor case law to support its holding, and the Court of Appeals found none.

**3. Divorce— equitable distribution—validity of property contract—findings of fact**

A divorce case is remanded to the trial court so that the validity of the property contract and any other evidence as to equitable distribution may be considered because: (1) the trial court made no findings of fact in any of its orders as to the validity of the property contract; and (2) the record reflected no evidence on the question.

Appeal by plaintiff from orders entered 26 September 2005, 23 August 2006, and 22 August 2007 by Judge Mike Gentry in Person County District Court. Heard in the Court of Appeals 14 May 2008.

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for plaintiff-appellant.*

*No brief for defendant-appellee.*

HUNTER, Judge.

Eula P. Street ("plaintiff") appeals from three orders pertaining to her divorce from Basil W. Street ("defendant"). After careful review, we reverse and grant a new trial.

Plaintiff and defendant married in 1985. In 1989, the parties entered into a contract ("the property contract") stating that each party

"release[d], renounce[d], and quitclaim[ed] all interest in any real property hereafter acquired by [other party]." The parties separated in 1997 and were divorced in 1999. Equitable distribution proceedings were then instigated.

In 2005, plaintiff moved for summary judgment on her claim for equitable distribution. That motion was denied on 26 September 2005; that order is one of the three from which plaintiff appeals.

On 23 August 2006, the court filed an order holding that the property contract constituted an "affirmative defense" and therefore "should have been specifically pled by Plaintiff." Because it was not, the trial court classified the parties' former home as marital property for purposes of equitable distribution. This is the second order from which plaintiff appeals.

A final equitable distribution order was filed on 22 August 2007. Therein, plaintiff was ordered to pay defendant $14,500.00—half the total equity the couple had in the marital home—"for his interest in the marital property of the parties[.]" This is the final order from which plaintiff appeals.

[1] As to plaintiff's arguments regarding the order denying plaintiff's claim for summary judgment, we note only that "[t]his Court cannot consider an appeal of denial of the summary judgment motion now that a final judgment on the merits has been made[.]" *WRI/Raleigh, L.P. v. Shaikh*, 183 N.C. App. 249, 252, 644 S.E.2d 245, 246 (2007). We therefore do not consider plaintiff's arguments as to that order.

[2] As to the other two orders, plaintiff's argument in essence is that the court erred in (1) holding that the property contract must have been pled as an affirmative defense and (2) refusing to give the property contract effect on that basis. Because we agree with the first, we do not address the second.

In its August 2006 order holding that the property contract must have been pled as an affirmative defense, the court states that the contract was "improperly and untimely filed" because it was "an affirmative defense within the meaning of Rule 8(c) of the North Carolina Rules of Civil Procedure such that it should have been specifically pled by Plaintiff." [R p. 51] Rule 8(c) lists twenty-one specific affirmative defenses that must be pled, none of which apply in this case. N.C. Gen. Stat. § 1A-1, Rule 8(c) (2007). Following this list is the following catch-all: "[A]ny other matter constituting an avoidance or affirmative defense." *Id.* There are two errors in the trial court's con-

clusion that this catch-all applies to the property contract at issue in this case. First, the contract governing property is not an affirmative defense; rather, it is a piece of evidence to be considered in settling the action for equitable distribution. Second, and more important, no counterclaim was brought by defendant to which an affirmative defense would need to be made. Plaintiff brought an action for equitable distribution, and defendant filed an answer admitting almost all of plaintiff's allegations and asking only for visitation and "such orders of equitable distribution as is [*sic*] appropriate." He neither disputed the property contract nor brought any new claim of his own. As such, it would not have been appropriate for plaintiff to specifically plead an affirmative defense.

This appears to be the only basis on which the trial court disregarded the property contract—that is, that the property contract was not timely filed because it was an affirmative defense. The trial court cited only to Rule 8(c) in support of this holding, and as discussed above, that rule does not apply. The trial court cited to neither statutory nor case law to support the holding, and this Court has found none. Thus, the property contract was improperly disregarded by the trial court.

[3] The next question, then, is whether the property contract is valid. We cannot make such a determination on the record before us; the trial court made no findings of fact in any of its orders as to the validity of the property contract, and the record reflects no evidence on the question. As such, we remand this case to the trial court so that the validity of the property contract—and any other evidence as to equitable distribution—may be considered.

Reversed; new trial.

Judges STEELMAN and STEPHENS concur.